UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| P.J., et al., | : | CIVIL NO.: |
| Plaintiffs, | : | 291CV00180 (RNC) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| BOARD OF EDUCATION, et al. | : | |
| Defendants. | : | OCTOBER 1, 2004 |

**MOTION FOR AN AWARD OF COSTS AND ATTORNEYS' FEES**

Plaintiffs move for an award of costs and attorneys fees pursuant to 20 U.S.C. § 1415(i)(3)(B) and 42 U.S.C. § 1988. In support of this motion the plaintiffs represent the following:

1. The time spent and costs incurred by class counsel during the period November 29, 2000 through September 24, 2004 have not previously been submitted or addressed in the negotiations that led to a final Settlement Agreement. The plaintiffs' original demand for costs and attorneys' fees was submitted to opposing counsel and Magistrate Judge Martinez by letter to Mr. Urban dated November 28, 2000. That demand and the subsequent negotiations that led to the settlement figure that appears in the Settlement Agreement covered the period from August 27, 1991 up to November 28, 2000. Plaintiffs expressly limited their motion and the negotiations to the time spent up to November 28, 2000.

2.  The time spent and costs incurred by class counsel subsequent to that period, covering the period November 29, 2000 through March 20, 2002, were necessary to: (1) negotiate plaintiffs' claim for costs, expert fees and attorneys' fees incurred up to November 28, 2000 with the assistance of the Magistrate Judge, and to (2) pursue litigation to challenge and have removed from the Settlement Agreement unilateral changes that were made in the language of the Settlement Agreement by defendants after a final agreement was reached that may have precluded class counsel from seeking reimbursement for costs and attorneys fees incurred during the remedial phase of this litigation.  These actions were necessary to secure a Court-Ordered Settlement Agreement that provided a fair and reasonable resolution of the violations of law described in the complaint.

3.  The time spent and costs incurred during the period March 21, 2002 through May 22, 2002 were necessary to assist in the drafting of notice of the proposed settlement to the class, respond to questions from the parents of class members about the proposed settlement, and prepare for and participate in the fairness hearings held by this Court on the fairness and reasonableness of the settlement.

4.  The time spent and costs incurred during the period June 4, 2002 through August 14, 2002 were necessary to work cooperatively with the state and plaintiffs in the selection and convening of the Expert Advisory Panel.

5.  The time spent and costs incurred during the period August 15, 2002 up to September 24, 2004 were necessary to review and comment on the three Annual Reports submitted by defendants on the implementation of the Settlement Agreement, attend EAP meetings so that the EAP and defendants are aware of and could take into account plaintiffs views on the adequacy of defendants' remedial efforts and to take such other actions as were necessary in plaintiffs' counsel's judgment to secure the benefits of the Settlement Agreement to the class as a whole.  The time was also necessary to pursue this fee application.

6.  Plaintiffs are prevailing parties and entitled to costs and attorneys fees pursuant to 42 U.S.C. § 1415(i)(3)(B) and 42 U.S.C. § 1988 because they have incurred such fees and costs in connection with securing a final Court-Ordered Settlement Agreement and during post-judgment monitoring of the Court-approved Settlement Agreement.

7.  Attorney David C. Shaw, Esq. has spent 424.7 hours working on this case during the period November 29, 2000 to September 24, 2004 and has incurred $253.65 in costs. During the same time period Attorney Frank Laski has spent 93.4 hours on the case and has incurred $470 in costs..

8.  The reasonable market rate for complex federal court litigation for an attorney with thirty years of experience with Attorney Shaw's background and expertise is $375 per hour.

9.  The reasonable market rate for complex federal court litigation for an attorney with

    Attorney Laski's expertise with thirty-five years of experience is $ 375 per hour.

10. The attorneys' fees incurred by plaintiffs during the period November 29, 2000 through

    September 24, 2004 are $194,287.50.  The total costs incurred during the same period

    are $723.65.

    WHEREFORE, the plaintiffs request an award of fees and costs incurred during the

period November 29, 2000 to September 24, 2004 in the amount of $195,011.15.


                        PLAINTIFFS,


                        By  /s/ David C. Shaw
                        David C. Shaw, Esq.
                        Law Offices of David C. Shaw LLC
                        34 Jerome Ave, Suite 210
                        Bloomfield, CT 06002
                        Tel. (860) 242-1238
                        Fax. (860) 242-1507
                        Email:  dcshaw@cttel.net
                        Fed. Bar No. ct05239


                        By  /s/ Frank J. Laski /s/ DCS
                        Frank J. Laski, Esq.
                        Mental Health Legal Advisors Committee
                        294 Washington St., Suite 320
                        Boston, MA  02108
                        Tel. (617) 338-2345
                        Email  flaski@email.mhl.state.ma.us
                        Fed. Bar No.  ct16180

4

**CERTIFICATION**

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to all counsel of record on October 1, 2004

Ralph Urban, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

_/s/ David C. Shaw_
David C. Shaw, Esq.