UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| P.J., et al., | : | CIVIL NO.: |
|     Plaintiffs, | : | 291CV00180 (RNC) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| BOARD OF EDUCATION, et al. | : | |
|     Defendants. | : | OCTOBER 1, 2004 |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR AN AWARD OF COSTS AND ATTORNEYS' FEES**

**BACKGROUND:**

Plaintiffs move for an award of costs and attorneys fees pursuant to 20 U.S.C. § 1415(i)(3)(B) and 42 U.S.C. § 1988. In support of this motion the plaintiffs represent that the time spent and costs incurred by class counsel during the period November 29, 2000 through September 24, 2004 have not previously been addressed in the negotiations that led to a final Settlement Agreement or covered by a prior fee application. Declaration of David C. Shaw, Esq. (Exhibit A) ¶ 5. The plaintiffs' original demand for costs and attorneys' fees was submitted to opposing counsel and Magistrate Judge Martinez by letter to Mr. Urban dated

November 28, 2000. Declaration of David C. Shaw, Esq. (Exhibit A) ¶ 6. The plaintiffs' demand and the subsequent negotiations facilitated by the Magistrate Judge that led to the settlement figure that appears in the Settlement Agreement covered the period August 27, 1991 up to November 28, 2000. Declaration of David C. Shaw, Esq. (Exhibit A) ¶ 6. At all times relevant, Plaintiffs expressly limited their motion and the negotiations to the time spent up to November 28, 2000. *Id.*

The time spent and costs by class counsel during the period November 29, 2000 through March 20, 2002, were expended by class counsel to: (1) negotiate plaintiffs' claim for costs, expert fees and attorneys' fees incurred up to November 28, 2000 with the assistance of the Magistrate Judge; and to (2) pursue litigation to challenge and have removed from the Settlement Agreement unilateral changes that were made in the language of the Settlement Agreement by defendants after a final agreement was reached. These actions were necessary to secure a Court-Ordered Settlement Agreement that provided a fair and reasonable resolution of the violations of law described in the complaint for the class as a whole. Declaration of David C. Shaw, Esq. (Exhibit A) ¶ 7.

The time spent and costs incurred during the period March 21, 2002 through May 22, 2002 were necessary to assist in the drafting of notice of the proposed settlement to the class, respond to questions from the parents of class members about the proposed settlement, and prepare for

and represent the plaintiff class in the fairness hearings held by this court on the fairness and reasonableness of the settlement.  Declaration of David C. Shaw, Esq. (Exhibit A) ¶ 8.

The time spent and costs incurred during the period June 4, 2002 through August 14, 2002 were necessary to work cooperatively with the state and plaintiffs in the selection and convening of the Expert Advisory Panel. Declaration of David C. Shaw, Esq. (Exhibit A) ¶ 9.

The time spent and costs incurred during the period August 15, 2002 up to September 24, 2004 have been necessary to review and comment on the three Annual Reports submitted by defendants on the implementation of the Settlement Agreement, attend EAP meetings so that the EAP and defendants are aware of and could take into account plaintiffs views on the adequacy of defendants' remedial efforts, attend status conferences convened by the Magistrate Judge, and to take such other actions as were necessary to secure the benefits of the Settlement Agreement to the class as a whole.  Declaration of David C. Shaw, Esq. (Exhibit A) ¶ 10.

Attorney David C. Shaw, Esq. has spent 424.7 hours working on this case since November 29, 2000 and has incurred $253.65 in costs.  Declaration of David C. Shaw, Esq. (Exhibit A) ¶¶ 14, 15.  During the same time period Attorney Frank Laski has spent 93.4 hours on the case and has incurred $470 in costs.  Declaration of Frank J. Laski (Exhibit B) ¶¶ 15, 16, 17.

The reasonable market rate for complex federal court litigation for an attorney with thirty years of experience with Attorney Shaw's background and expertise is $375 per hour.

Declaration of Francis J. Brady, Esq. (Exhibit C) ¶ 13; Declaration of David C. Shaw, Esq. (Exhibit A) ¶ 13.)

The reasonable market rate for complex federal court litigation for an attorney with Attorney Laski's expertise with 35 years of experience is $ 375 per hour. (Exhibit B) ¶ 11.)

The attorneys' fees incurred by plaintiffs during the period November 29, 2000 through September 24, 2004 are $194,287.50.  The total costs incurred during the same period are $723.65.  Declaration of David C. Shaw, Esq. (Exhibit A) ¶ 15; Declaration of Frank J. Laski, Esq. (Exhibit B) ¶ 17.

**ARGUMENT:**

**The Entitlement of Class Counsel to Reimbursement for Costs and Fees Incurred:**

20 U.S.C. § 1415(i)(3)(B) provides that district courts may, in their discretion, "award reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party."  The standards that govern fee awards under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et. seq., ("IDEA") are the same as those that govern an award of attorneys' fees in civil rights cases under 42 U.S.C. § 1988.  *Hensley v. Eckerhart*, 461 U.S. 424, 433, n. 7 (1983); *J.C. v. Regional Sch. Dist.*, 278 F.3d 119, 124 (2d Cir. 2002); *Angela L. v. Pasadena Indep. Sch. Dist.*, 918 F.2d 1188, 1193 (5th Cir. 1990)(citing the legislative history of the IDEA); *Barbara R. v. Tirozzi*, 665 F. Supp. 141, 145 (D. Conn.

1987).  Under the applicable standard, a party may be deemed to have "prevailed" if the party succeeded on "any significant issue in litigation which achieves some of the benefits the parties sought in bringing the suit."  *Hensley v. Eckerhart*, 461 U.S. 424, 433, 76 L. Ed. 2d 40, 103 S. Ct. 1933 (1983).  The Supreme Court has further explained that in making this determination the court is to consider whether the plaintiff (1) obtained relief on a significant claim in the litigation, (2) that effected a material alteration in the parties' legal relationship, and (3) that is not merely technical or *de minimus* in nature.  *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-93 (1989).  "A plaintiff may be considered a prevailing party even though the relief ultimately obtained is not identical to the relief demanded in the complaint, provided the relief obtained is of the same general type."  *Koster v. Perales*, 903 F.2d 131, 134-35 (2d Cir. 1990).

      The Supreme Court has also indicated that a civil rights plaintiff may be deemed to have prevailed even though the case has been settled, provided the settlement receives the necessary judicial imprimatur.  *Buckhannon v. West Virginia Dep't of Health*, 532 U.S. 598, 603, 604 (2001); *see also*, *Maher v. Gagne*, 448 U.S. 122 (1980).  As examples of the types of actions that would convey the necessary judicial imprimatur or sanction, the Court offered settlement agreements enforced through consent decrees and judgments on the merits. *Bucckhannon*, 532 U.S. at 604.  The Second Circuit has interpreted *Buckhannon* as requiring an award of costs and

5

attorneys' fees where the parties enter a stipulation that that was judicially sanctioned and effected a substantive material alteration in the legal relationship of the parties. *Preservation Coalition of Erie County v. Federal Transit Administration*, 356 F.3d 444, 449 – 452 (2d Cir. 2004). Finally, the case law is clear that plaintiffs are entitled to compensation for the time spent in this litigation pursuing reimbursement for the costs and attorneys' fees they have incurred. *Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979).

Further, a party is considered a "prevailing party" and therefore is entitled to reasonable attorneys' fees for post-judgment monitoring. *See, Pennsylvania v. Delaware Valley Citizen Council*, 478 U.S. 546, 559, 92 L. Ed. 2d 439, 106 S. Ct. 3088 (1986) (*citing, Garrity v. Sununu*, 752 F.2d 727, 738, 759 (1st Cir. 1984); *Bond v. Stanton*, 630 F.2d 1231, 1233 (7th Cir. 1980); *Miller v. Carson*, 628 F.2d 346, 348 (5th Cir. 1980); *Northcross v. Bd. Of Educ.*, 611 F.2d 624, 637 (6th Cir. 1979))("post-judgment monitoring of a consent decree is a compensable activity for which counsel is entitled to a reasonable fee."); *Commissioner, INS v. Jean*, 496 U.S. 154, 162 (1990)(*citing* with approval the standard set out in *Delaware Valley* for awarding fees for post-judgment enforcement of a Consent Decree); *Sullivan v. Hudson*, 490 U.S.877, 892 (1989) (slip op., at 9-10) (where administrative proceedings are "necessary to the attainment of the results Congress sought to promote by providing for fees, they should be considered part and parcel of the action for which fees may be awarded"); *New York Ass'n for*

*Retarded Children v. Carey*, 711 F.2d 1136 (2d Cir. 1983); *Wilder v. Bernstein*, 975 F. Supp. 276 (S.D.N.Y. 1997)(finding post-judgment monitoring of consent decree is compensable under § 1988); *Vecchia v. Town of North Hempstead*, 927 F. Supp. 579, 581 (E.D.N.Y. 1996)("Services rendered in monitoring compliance under a consent decree are reimbursable."); *West v. Manson*, 163 F. Supp. 2d 116, 117, 118 (D. Conn. 2001)(prevailing plaintiffs are entitled to reasonable attorneys' fees for post judgment monitoring). *See also*, *Rolland v. Celluci*, 292 F. Supp. 2d 268, 272-273 (D. Mass. 2003)(class counsel may be compensated for monitoring and enforcing a court-approved settlement agreement).

Using these standards, plaintiffs are entitled to a fully compensatory fee. The time spent and costs by class counsel during the period November 29, 2000 through March 20, 2002, were expended by class counsel to: (1) negotiate plaintiffs' claim for costs, expert fees and attorneys' fees incurred up to November 28, 2000 with the assistance of the Magistrate Judge; and to (2) pursue litigation to challenge and have removed from the Settlement Agreement unilateral changes that were made in the language of the Settlement Agreement by defendants after a final agreement was reached. These actions were necessary to secure a Court-Ordered Settlement Agreement that provided a fair and reasonable resolution of the violations of law described in the complaint for the class as a whole. As the relief obtained through these actions secured substantial relief for the class and effected a material alteration in the parties' legal relationship,

the time spent and costs incurred should be compensated. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-93 (1989).

The time spent and costs incurred during the period March 21, 2002 through May 22, 2002 were necessary to assist in the drafting of notice of the proposed settlement to the class, respond to questions from the parents of class members about the proposed settlement, and prepare for and represent the plaintiff class in the fairness hearings held by this court on the fairness and reasonableness of the settlement. Again, these actions are compensable as they were necessary to secure the benefits of the Settlement Agreement to the class, secured substantial relief to the class and effected a material alteration in the legal relationship between the class and the defendants. *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-93 (1989).

The time spent and costs incurred during the period June 4, 2002 through August 14, 2002 were necessary to work cooperatively with the state and plaintiffs in the selection and convening of the Expert Advisory Panel. The time spent and costs incurred during the period August 15, 2002 up to September 24, 2004 were necessary to review and comment on the three Annual Reports submitted by defendants on the implementation of the Settlement Agreement, to attend EAP meetings so that the EAP and defendants are aware of and could take into account plaintiffs' views on the adequacy of defendants' remedial efforts. The time spent

during this period also includes the efforts of class counsel in preparing this motion. As these actions were taken to secure the benefits of the Settlement Agreement to the class and to further the policy articulated by Congress in 20 U.S.C. § 1412(a)(5)(A), class counsel should be fully compensated for such efforts. *Delaware Valley*, 478 U.S. at 559; *Gagne v. Maher*, 594 F.2d 336, 344 (2nd Cir. 1979)("[D]enying attorneys' fees for time spent in obtaining them would 'dilute the value of a fees award by forcing attorneys into extensive uncompensated litigation in order to gain any fees'" under 42 U.S.C. § 1988), aff'd. on other grounds, 448 U.S. 122, 100 S.Ct. 2570 (1980).)

**Calculation of the Fee.**

    **a. Attorneys' Fees**

The IDEA provides that attorneys' fees are to be "based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C). In *Blum v. Stenson,* 465 U.S. 886 (1984), the Supreme Court held that fee awards "are to be calculated according to the prevailing market rates in the relevant community." *Id.* at 895. The Court, relying on the legislative history of the Civil Rights Attorneys' Fees Awards Act, found that Congress intended that fee awards are to "be governed by the same standards which prevail in other types of equally complex federal litigation, such as antitrust cases." [*Id*. at 893, *quoting* S. Rep. No. 94-1011, p. 6 (1976).] The

Court explicitly rejected the contention that publicly funded legal services organizations should receive fees based on a rate below market rates in view of their lower overhead compared to private law firms, *Id*. at 892-93.  The Court required use of market rates "regardless of whether plaintiff is represented by private or nonprofit counsel." *Id*. at 895 (footnote omitted).  The Court recognized that a "market rate," determined solely by supply and demand, does not exist for legal services.  Nevertheless, it used the term to mean the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id*. at 896 n. 11.

      The plaintiffs submit in support of this Motion, and have attached as Exhibit C hereto, the Declaration of Francis J. Brady, Esq., a partner in the law firm of Murtha, Cullina, Richter and Pinney LLP of Hartford since July 1, 1980.  According to Attorney Brady, he has participated in setting billing rates for his law firm, and has reviewed market analyses of attorney billing rates.  Exhibit C ¶¶ 10, 11. As a result of his thirty years of law practice and experience in reviewing billing rates, his interactions with other lawyers directly in civil litigation and otherwise through professional and court appointed organizations, he states that he is familiar with the rates charged by Connecticut based law firms for attorneys and paralegals for complex civil litigation.  Exhibit C ¶ 12.  Attorney Brady states that in his opinion the prevailing rate charged by Connecticut based law firms for complex civil litigation

for an attorney with twenty-five years of experience is within the range of $365 to $400 per hour.  Exhibit C ¶ 13.  He offers the further opinion that his 2004 billing rate is $380.  *Id.*  He offers the further opinion that these rates are consistent with the rates charged for comparable representations by Connecticut based law firms in complex civil litigation in the United States District Court and in the Connecticut Supreme Court.  *Id*. ¶ 14.

      The plaintiffs submit in further support of this Motion the Declarations of David C. Shaw, Esq. (Exhibit A) and Frank J. Laski, Esq. (Exhibit B.)  According to Attorney Shaw's Declaration he has thirty years' experience in litigating federal civil rights cases.  The cases described on Attorney Shaw's Declaration show that the amount of work necessary to bring the case to successful conclusion often required extensive trial work and/or work at the appellate level.  The cases vary in difficulty and scope from *Messier v. Southbury Training School*, which involved a one hundred and twenty three day trial in the District Court in New Haven, to other large class action cases involving thousands of adults and children with disabilities that were successfully settled, [*See*, *ARC v. O'Meara,* No. 3:01CV1871 (JBA)(Medicaid Waiver funding for community support services for over six thousand adults and children with mental retardation); *P.J. v. State of Connecticut,* No. 2:91CV00180 (RNC)(integrated public education programs for children with mental retardation); *C.A.R.C. v. Thorne*, No. H78-653 (TEC)(securing community-based residential supports for the 1200 former residents of

11

Mansfield Training School); and *Hillburn v. Maher*, 795 F. 2d 252 (2d Cir. 1986)(securing adaptive wheelchairs and related therapies for four hundred severely disabled nursing home residents)], to cases involving a single child or adult with a disability. (*See*, *A.S. V. Norwalk Board of Education*, 183 F. Supp. 2d 534 (D. Conn. 2002)).  Many of these cases have resulted in major reforms in the state and local systems that provide services and public education to adults and children with disabilities.  Through these and other cases Attorney Shaw has developed considerable experience and expertise in resolving complex federal civil rights cases on behalf of persons with disabilities.  Attorney Shaw indicates in his Declaration that a fair and reasonable rate of compensation for his services in his opinion is $375 per hour.  This rate is consistent with Judge Arterton's finding in *Dobson v. Hartford Fin. Serv. Group. Inc*., 2002 U.S. Dist. LEXIS 17682*9 (D. Conn. 2002) that the prevailing market rates for two experienced attorneys was $395 per hour and $350 per hour.  *See also, Connecticut Dept. of Soc. Serv. V. Thompson*, 289 F.Supp. 2d 198, 206 (D.Conn. 2003)(Finding that $375 per hour rate is reasonable for an experienced attorney in New Haven.); *Bristol Technology, Inc. v. Microsoft Corp.*, 127 F.Supp. 64 (D. Conn.)($375 per hour rate awarded); *Glazer v. The Brass Barn, Inc*., 9 Conn. OPS 995 (August 11, 2003) ($350 per hour is the standard complex litigation rate in the Waterbury Area). Attorney Laski's Declaration indicates that he has had thirty-five years' experience in civil rights litigation and has had extensive experience in enforcing the civil rights

of children and adults with disabilities in the federal courts.

The above case law, analyzed in conjunction with the Declarations of Francis J. Brady, Esq., David C. Shaw, Esq. and Frank J. Laski, Esq., indicates that the market rate charge by private law firms for equally complex federal litigation by attorneys with the experience of Attorneys Shaw and Laski and expertise is $375 per hour.

Based on this prevailing market rate, and the hours devoted to this lawsuit, the following fees are claimed.

David C. Shaw, Esq.   424.7 hours @ $375 per hour        = $159,262.50

Frank J. Laski, Esq.     93.4 hours @ $375 per hour        = $ 35,025.00

**b. Costs.**

Plaintiffs also claim they are entitled to an award equal to the costs incurred in connection with this lawsuit since November 28, 2000 in the amount of $723.65.  The Law Offices of David C. Shaw incurred costs in the amount of $253.65 and Attorney Frank Laski incurred costs in the amount of $470.  The declarations of David C. Shaw, Esq. (Exhibit A) and Frank J. Laski, Esq. (Exhibit B) provide a detailed breakdown of these costs.

**CONCLUSION**:

The plaintiffs therefore request an award of Attorneys' fees for the time spent by Attorneys Shaw and Laski from November 29, 2000 to September 24, 2004 in the amount of

$194,287.50, and an award for costs incurred by Attorneys Shaw and Laski in the amount of

$723.65.  A total award of $195,011.15 is therefore requested.

                PLAINTIFFS,

                By  /s/ *David C. Shaw*
                David C. Shaw, Esq.
                Law Offices of David C. Shaw LLC
                34 Jerome Ave, Suite 210
                Bloomfield, CT 06002
                Tel. (860) 242-1238
                Fax. (860) 242-1507
                Email:  dcshaw@cttel.net
                Fed. Bar No. ct05239


                By  /s/ *Frank J. Laski* /s/ DCS
                Frank J. Laski, Esq.
                Mental Health Legal Advisors Committee
                294 Washington St., Suite 320
                Boston, MA  02108
                Tel. (617) 338-2345
                Email  flaski@email.mhl.state.ma.us
                Fed. Bar No.  ct16180

**CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed first class, postage prepaid to all counsel of record on October 1, 2004

Ralph Urban, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

                                        /s/ *David C. Shaw*
                                    David C. Shaw, Esq.