UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| P.J., et al., | : | CIVIL NO. |
| Plaintiffs, | : | 291CV00180 (RNC) |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, et al. | : | |
| Defendants. | : | JANUARY 15, 2007 |

## MOTION FOR ORDERS RELATING TO DISCOVERY

The plaintiffs move for a discovery order authorizing plaintiffs and their experts to review the educational programs of one hundred and twenty randomly selected class members as well as the efforts the Connecticut Department of Education has made to implement the Settlement Agreement approved by this Court on May 22, 2002. In support of this Motion the plaintiffs represent the following:

1. The Settlement Agreement approved by this Court on May 22, 2002 provides that the defendants must make meaningful continuous progress on the following five main goals:

- Increasing the percent of students with mental retardation or intellectual disability who are placed in regular classes.

- Reducing the disparate identification of students with mental retardation or intellectual disability by Local Education Agency, by racial group or by gender group.

- Increasing the mean and medial percent of the school day that students with mental retardation or intellectual disability spend with non-disabled students.

- Increasing the percent of students with mental retardation or intellectual disability who attend the school they would attend if not disabled (home school).

- Increasing the percent of students with mental retardation or intellectual disability who participate in school-sponsored extra curricular activities with non-disabled students.

2. The Settlement Agreement also provides that an Expert Advisory Panel selected jointly by the parties will collect data, meet with local school personnel and state officials and conduct such other activities as are necessary to make to assess progress under the Settlement Agreement and make recommendations to the parties and the Court relating to actions that should be taken to fully implement the Settlement Agreement.

3. Section I of the Settlement Agreement also recognizes that plaintiffs will have an ongoing role in the monitoring and enforcement. To that end, Section I.3. provides that the defendant, Connecticut Department of Education ("CSDE"), must cooperate with the plaintiffs to gain access to data and files relating to class members for all purposes relating to the enforcement and implementation of the Agreement.

4. The plaintiffs' counsel have made every effort since May 22, 2002 to cooperate with the Expert Advisory Panel and the defendants during the implementation process. In particular, class counsel have participated in all meetings convened by the Expert Advisory Panel, and have provided written and oral comment to the Expert Advisory Panel and the defendants to identify and facilitate resolution of issues relating to implementation of the Settlement Agreement.

2

5. However, the plaintiffs have determined, based on their review of the Reports of the Expert Advisory Panel filed with the Court in June 2003, September 2004 and September 2005, interviews with parents of class members, and participation in the remedial process, that the central goals of the Settlement Agreement are not being implemented satisfactorily and that the State defendants and/or local school districts are not taking the steps necessary to ensure that class members are afforded the opportunity to participate in regular classes with adequate supplementary aids and services and modifications to the general education curriculum.

6. The plaintiffs have, therefore, requested copies of all computer data on children who are now or who have been members of the class, access to and the right to copy all files maintained by the Connecticut Department of Education relating to monitoring and enforcement of the Settlement Agreement, access to and the right to copy all documents from subcontractors of CSDE who have been assigned a role in the implementation process, and access to all persons who have had responsibilities relating to implementation.

7. As local school districts are not parties to this lawsuit, plaintiffs' counsel have also asked CSDE to cooperate with plaintiffs so that plaintiffs and their experts can assess to what extent the requirements of the Settlement Agreement have been implemented by local school districts. To this end, the plaintiffs have requested permission to observe the educational programs and review the files maintained by local school districts on one hundred and twenty (120) randomly selected class members. Permission to interview the administrators and teachers responsible for implementing these educational programs, and to inquire into other problem areas identified by the Expert Advisory Panel will also be necessary.

8. During the liability phase of this litigation, the parties agreed to a Court Order that permitted a similar review by experts for the parties that began with a letter written from the Commissioner of the Connecticut Department of Education to the Superintendent of each identified school district urging him/her to cooperate fully with the experts for the parties to ensure that these experts were able to review the educational programs of the randomly selected children, whether those children were educated in the public school or in an out-of-district program funded by the local school district. A copy of the Court Order and agreed-upon Commissioner's letter are attached as Exhibit A hereto. Following the entry of an agreed-upon Court Order and issuance of the agreed upon letter from the Commissioner to local school districts, the experts were able to fully evaluate the educational programs of the randomly selected children, review their educational files, and interview the teaching and administrative staff responsible for these children.

9. In May 2006 plaintiffs requested that the defendants provide access to all monitoring documents, a copy of all current data relating to class members and former class members, and that the defendants agree to the same process for discovery in local school districts. Although the defendants have agreed to cooperate, delays in completing discovery have been encountered. Some of this delay was necessitated by defendants' insistence that a new notice must be sent to the families of approximately 4000 class members before the data from the 2005-2006 school year could be released. That process was completed in late-December 2006. As of the date of this motion, however, the plaintiffs have still not received the 2005-2006 data. Plaintiffs have also requested the data from the 2006-2007 school year. It is unclear whether a new notice to

the class will be necessary before the most current 2006-2007 data can be released to the class representatives.

10. While the defendants have indicated that they intend to identify experts so that the size of the sample of students and location of programs for review can be agreed upon, it is unclear when this process will be completed or whether agreement a sample is possible. Further, delay in conducting the study may be encountered if any of the selected local school districts or out-of-district placements oppose discovery.

11. Further delay in releasing current computer data on class members and/or securing the cooperation of CSDE in gaining access to the educational programs provided by local school districts will be prejudicial to the plaintiff class in that the concerns expressed by the Expert Advisory Panel are serious and should be evaluated promptly, certainly before the 2006-2007 school year has ended.

12. Plaintiffs' counsel contacted Attorney Cunningham on January 12, 2007 about the sample selection and expert discovery. The parties agreed that a Motion for Orders relating to Discovery should be filed with the Court and that the parties would make every effort to reach agreement within the next few weeks on the size of the sample and the manner in which discovery will be conducted. The parties were also in agreement that it is important that a discovery order must be entered at the earliest practicable date so that expert visitations in the public schools can be completed before the end of the 2006-2007 school year.

WHEREFORE, the plaintiffs request that the Court enter the proposed order, attached hereto.

PLAINTIFFS,

By _____
David C. Shaw, Esq.
Fed. Bar No. ct05239
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
(860) 242-1238
Email  dcshaw@cttel.net

By  Frank J. Laski /by DV
Frank J. Laski, Esq.
Mental Health Legal Advisors Committee
294 Washington St., Suite 320
Boston, MA  02108
Tel. (617) 338-2345
Email  flaski@email.mhl.state.ma.us
Fed. Bar No.  ct16180

# EXHIBIT A

EXHIBIT  D

DEC 11 ... 4 41 ... '92

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

CONNECTICUT ASSOCIATION FOR          :
RETARDED CITIZENS, INC., ET AL.      :       Civil Action No.
                                     :       291CV00180(JAC)
              Plaintiffs             :
V.                                   :
                                     :
STATE OF CONNECTICUT, BOARD          :
OF EDUCATION, ET AL.                 :
              Defendants             :       DECEMBER 11 , 1992

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . :

### PROTECTIVE ORDER #1

Pursuant to Rule 26(c) of the Federal Rules of Civil

Procedure the Court enters the following protective orders.

These protective orders apply to any computer tapes, discs,

diskettes, or other computer records which the defendants may

turn over to the plaintiffs at any time during the course of the

above captioned case.

Plaintiffs' counsel shall be responsible for seeing that

every individual, group, or organization given access to or use

of said computer tapes, discs, diskettes or other computer

records is provided with a copy of this order.  Receipt of a copy

of this order shall constitute notice to that individual, group,

or organization, that they are subject to the terms and

conditions of this order.

Any individual, group, or organization who violates the terms and conditions of this order shall be subject to such penalties, forfeitures, and orders (including contempt of court) as the Court may deem appropriate. The Court retains jurisdiction to enforce this order for so long as is necessary to serve the purposes for which the order is intended.

It is hereby noted and declared that any computer tapes, discs, diskettes, or other computer records (and all information contained therein) turned over to the plaintiffs or their attorneys during the course of this case shall remain the sole and exclusive property of the State of Connecticut.[1/] Within sixty days of the conclusion of the above captioned case including the completion of any appeals, remands, or other continuing proceedings (as determined by the court) all such computer tapes, discs, diskettes, or other computer records shall be returned to the Office of the Attorney General. Within that same 60 day period any and all copies of said computer tapes,

---

[1/]In the event the plaintiffs provided the defendants with tapes, discs, or diskettes on which to copy any computer records the copy provided by the defendants shall be treated as property of the State of Connecticut unless and until all data and information on those tapes, discs or diskettes is erased and written assurances of that erasure are provided to the Office of the Attorney General.

-2-

discs, diskettes or other computer records made by any individual, group or organization shall be destroyed or delivered to the Office of the Attorney General. Plaintiffs' attorneys shall provide the Office of the Attorney General with written assurances that the destruction or return of all copies has been completed within 90 days of the conclusion of the above captioned case, as determined by the court.

Notwithstanding the time deadlines set forth herein for the return and/or destruction of computer tapes and records, plaintiffs and their counsel or experts shall not be penalized for non-compliance with such deadlines without reasonable prior written notice by defendants that, in defendants' opinion, the case is concluded and the obligations of the Protective Order are now in effect. Such notice may be served upon plaintiffs' counsel, David C. Shaw, Esq., 410 Asylum Street, Suite 610, Hartford, CT 06103.

Any computer tapes, discs, diskettes, or other computer records turned over to the plaintiffs during the course of this case shall be available and be used only for the purposes of the present case. No individual, group, or organization shall make any use of the computer tapes, discs, diskettes, or other

-3-

computer records, or copies thereof, except for the purposes of this litigation.

Furthermore no individual, group, or organization having access to those computer tapes, discs, diskettes, or other computer records shall disclose to anyone or make any use whatsoever of the following information without prior written authorization from the State Department of Education or approval of the Court: (1) Student names and other personally identifiable information; (2) Teacher names and social security numbers; (3) Test item data and any information which could jeopardize the security of test items or answer keys.

Within 60 days after the conclusion of the above captioned case any individual, group or organization in possession of any hard copy or print out of material taken or derived from the computer tapes, discs, diskettes, or other computer records turned over to the plaintiffs or their attorneys during the course of this litigation, shall destroy those hard copies or print outs unless the particular hard copy and/or print out has been formally admitted into evidence during the course of proceedings in this case. Plaintiffs' attorneys shall provide the Office of the Attorney General with written assurances that

-4-

the destruction has been completed within 90 days of the
conclusion of the above captioned case, as determined by the
court.

No print out or hard copy of any material taken or derived
from any computer tapes, discs, diskettes, or other computer
records turned over to the plaintiffs or their attorneys during
the course of this litigation may be admitted into evidence
unless plaintiffs' attorneys provide defendants with all
information necessary to allow the defendants to duplicate the
analysis, search, sort, etc. by which the material was generated
and this information is provided within sufficient time before
trial to allow the defendants to duplicate, examine, and analyze
the procedures used to generate the print out or hard copy.

No print out or hard copy of any material taken or derived
from any computer tapes, discs, diskettes or other computer
records produced or generated by the state defendants may be
admitted into evidence unless the state defendants' attorneys
provide plaintiffs with all information necessary to allow the
plaintiffs to duplicate the analysis, sort, etc. by which this
material was generated and this information is provided within
sufficient time before trial to allow the plaintiffs to

-5-

duplicate, examine and analyze the procedures used to generate the print out or hard copy.

The plaintiffs and defendants agree and recognize that F.R. Civ. Pro. 26(b)(4)(c) shall govern the reasonable cost(s) incurred in complying with the two preceding paragraphs. The plaintiffs and defendants further agree and recognize that ultimately the question of admissibility of any such print out or hard copy of any material taken or derived from any computer tapes, disks, diskettes or other computer records will be governed by the Federal Rules of Evidence.

The foregoing Protective Order is hereby entered this____//____day of December, 1992.

                                   _____
                                   Honorable

12:reu0334jm

-6-

CASE NO. 2-91 CV 00180 (RNC)
P.1r et al,
VS. State of CT et al
PLAINTIFF'S EXHIBIT           /
DATE                    IDEN.
DATE                    EVID.
BY_____
          Deputy Clerk
AO 386

EXHIBIT D

) STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CONNECTICUT ASSOCIATION FOR | : | CIVIL ACTION NO. |
| RETARDED CITIZENS, INC., ET. AL. | : | 2:91CV00180 (RNC) |
| PLAINTIFFS, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| BOARD OF EDUCATION, ET. AL. | : | |
| DEFENDANTS, | : | April 26, 1996 |

### STIPULATED ORDER

The parties agree that the following sample of student files and situations is an appropriate sample for the experts or their designees to review, in addition to other materials, to assist the Court in addressing the issues raised in this lawsuit, and to base opinions on as to the whole class.

I.    The sample of student files and situations reviewed shall consist of students from the following categories:

A.    Three students, educable mentally retarded, elementary school;

B.    Three students, trainably mentally retarded, elementary school;

C.    Three students, severely or profoundly mentally retarded, elementary school;

D.    Three    students,    educable    mentally    retarded, secondary school;

E.    Three    students,    trainably    mentally    retarded, secondary school;

F.    Three students, severely or profoundly mentally retarded, secondary school;

for a total of 18 files/students per district, for the following districts: Bristol, Danbury, Enfield, Hamden, Monroe, Regional District No. 15, Stamford, Willington, Windham and a total of 36 files/students per district for Bridgeport and Hartford.

It is further agreed that if there are an insufficient number of students in any one of the six categories for a particular school district (i.e. fewer than three or in the case of Bridgeport and Hartford, fewer than six), all students in that category will be included in the sample.

II.    The parties are authorized to conduct discovery by their experts of the special education programs of classmembers and visit the eleven school districts listed above for that purpose.    The parties' experts shall be permitted, in the course of these visits, to review and copy (at no expense to local school districts)

2

classmembers' records and documents related to the program, interview parents, observe the child's special education program, interview teachers, administrators and other school and nonschool personnel involved in the supervision or delivery of special education or related services to the classmember.

III. The Commissioner of the defendant, Connecticut Department of Education, is ordered to notify the above school districts using the attached letter of notification at the earliest practicable date but, in no event later than May 7, 1996, of the court order, to urge the local school districts to cooperate with the parties in discovery, and to provide Attorney David Shaw, 410 Asylum Street, Suite 610, Hartford, Connecticut and Frank LiMauro of the State Department of Education, 25 Industrial Park Road, Middletown, Connecticut with respect to a list of classmembers from each school district, to be supplied by ~~plaintiffs~~ no later than ~~April 29,~~ 1996, the following information:

A. whether the student is currently enrolled in the school district;

B. copies of all documents generated through the planning and placement team meetings (e.g. PPT minutes, IEP

3

planning documents, description of educational placement, professional evaluations, etc.) for each child during the last five school years;

C. whether the student attends school within the school district, and, if so, the name and address of the school he/she attends;

D. the name and location of the school the student attends if he/she does not attend school within the school district.

IV. The parties' experts or designees shall make reasonable efforts to conduct visitations for the purpose of collecting data to prepare their respective cases, simultaneously. This shall not require experts to conduct classroom observations or discovery in a manner that may be disruptive to the educational process.

V. The experts or their designees shall identify themselves and their affiliation before speaking with staff at local school districts.

VI. Experts or their designees shall use personably identifiable information obtained through discovery only in connection with this case and shall not disclose such information

4

to anyone other than counsel or the Court.  Each expert or designee
shall sign a confidentiality statement previously agreed to by the
parties  prior  to  gaining  access  to  personally  identifiable
information about special education students.

DEFENDANT,                              PLAINTIFFS,

By _____             By _____
   Ralph Urban, Esq.                       David C. Shaw, Esq.
   Assistant Attorney General              410 Asylum Street, Suite 610
   110 Sherman Street                       Hartford, CT  06103
   Hartford, CT  06105                      (203) 541-6167
                                            Fed. No.  ct05239


                                        By _____
                                           Frank Laski, Esq.
                                           246 Walnut Street, Suite 202
                                           Newton, MA  02160



                                        BY THE COURT,

                                        _____
                                        F. Owen Eagan
                                        United States Magistrate Judge



                                   5

## LETTER TO SCHOOL DISTRICTS

Dear Superintendent:

Pursuant to discovery orders entered by the United States District Court in C.A.R.C. v. Tirozzi (copy attached) we are hereby notifying you that the parties are authorized to have experts and/or their designees visit classmembers in your school district. Classmembers include school-age children who have been identified as mentally retarded by their planning and placement teams. The parties are authorized under the order to review and copy (at parties' expense) classmembers' records and documents related to the program, observe the child's special education program, interview teachers, administrators and other school or nonschool personnel involved in the supervision or delivery of special education or related services to the classmember, and interview classmembers' parents.

You are also requested to cooperate with parties in discovery and to provide plaintiffs' counsel and Frank LiMauro at the State Department of Education with the following information with respect to the attached list of designated classmembers from your district:

a)  whether the student is currently enrolled at the school district;

b)  copies of all documents generated through planning and placement team meetings (e.g. PPT minutes, IEP planning documents, description of educational placement, professional evaluations, etc.) for each child during the last five school years;

c)  whether the student attends school within the school district, and, if so, the name and address of the school he/she attends;

d)  the name and location of the school the student attends if he/she does not attend school within the school district and the name, title and telephone number of the appropriate contact person.

This information should be provided to Attorney David C. Shaw, 410 Asylum Street, Suite 610, Hartford, Ct. 06103, (telephone: 860-541-6167) and Frank LiMauro of the State Department of Education, 25 Industrial Park Road, Middletown, Ct. (telephone: 860-638-4267) at their own expense.

·Letter to School Districts
Page two

The order further provides that during the site visits by these experts and/or their designees, they are authorized to review and copy at their own expense any records and documents related to the programs of the designated classmembers.

The parties will notify you of the name and credentials of the experts who will be visiting the school program and the dates and times of such visits by no later than ten days prior to each visit. It is anticipated that experts will visit during May and June, 1996.

Please contact plaintiffs' counsel, Attorney David C. Shaw (telephone 860-541-6167) or defendants' counsel, Attorney Ralph Urban (telephone 860-566-7173) and not the court with any questions you have concerning this letter or the discovery order.

                              Theodore Sergi, Commissioner,
                              Connecticut Department of Education

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| P.J., et al., | : | CIVIL NO. |
| Plaintiffs, | : | 291CV00180 (RNC) |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT,  et al. | : | |
| Defendants. | : | JANUARY    , 2007 |

## PROPOSED ORDER

The Court, after considering the request of the plaintiffs for a prompt evaluation of the concerns expressed by the Expert Advisory Panel Reports to the Court dated June 2003, September 2004 and September 2005, and Section I.3. of the Settlement Agreement that assigns a monitoring role to the representatives of the plaintiff class, Orders the Commissioner of the Connecticut Department of Education to do the following:

1.  Provide plaintiffs and their experts all documents and computer data in his possession or control relating to school age children who have at any time since May 22, 2002 been identified as class members; and

2.  Send the letter attached hereto to each local school district and out-of-district-placement attended by the one hundred and twenty class members randomly selected by plaintiffs' experts, encouraging these local school districts and or educational programs to permit the experts for the parties to observe the educational programs of these children, review documents and data and speak with teaching and  administrative staff relating to these programs and the implementation of the Settlement Agreement.

BY THE COURT,

_____

21

LETTER TO SCHOOL DISTRICTS

Dear Superintendent:

Pursuant to discovery orders entered by the United States District Court in *P.J. v. State of Connecticut*, Civil Action No. 2:91CV00180 (RNC) (copy attached), we are hereby notifying you that the parties are authorized to have experts and/or their designees visit class members in your school district. Class members include school-age children who have been identified as intellectually disabled or mentally retarded by their planning and placement teams. The parties are authorized under the order to review and copy (at parties' expense) class members' records and documents related to the program, observe the child's special education program, interview teachers, administrators and other school or nonschool personnel involved in the supervision or delivery of special education or related services to the class member, and interview class members parents. The experts are also authorized to observe the special education programs, interview teaching and administrative staff, and copy documents and data relating to those students placed in out-of-district placements.

You are also requested to cooperate with parties in discovery and to provide plaintiffs' counsel and Attorney Darren P. Cunningham at the State Attorney General's Office with the following information with respect to the attached list of designated class members from your district:

a) whether the student is currently enrolled at the school district;

b) copies of all documents and data generated through planning and placement team meetings (e.g. PPT minutes, IEP planning documents, description of educational placement, professional evaluations, etc.) for each child during the last five school years;

c) whether the student attends school within the school district, and, if so, the name and address of the school he/she attends;

d) the name and location of the school the student attends if he/she does not attend school within the school district and the name, title and telephone number of the appropriate contact person.

This information should be provided to: David C. Shaw, Esq., 34 Jerome Avenue, Suite 210, Bloomfield, CT 06002 – Tel. (860) 242-1238 and Darren P. Cunningham, Assistant Attorney General, P.O. Box 120, Hartford, CT 06141-0120 – Tel. (860) 808-5210 at their own expense.

Letter to School Districts
Page Two


     The order further provides that during the site visits by these experts and/or their designees, they are authorized to review and copy at their own expense any records and documents related to the programs of the designated class members.

     The parties will notify you of the name and credentials of the experts who will be visiting the school program and the dates and times of such visits by no later than ten days prior to each visit. It is anticipated that experts will visit during March and April of 2007.

     Please contact plaintiffs' counsel David C. Shaw, Esq., 34 Jerome Avenue, Suite 210, Bloomfield, CT 06002 – Tel. (860) 242-1238 or Darren P. Cunningham, Assistant Attorney General, P.O. Box 120, Hartford, CT 06141-0120 – Tel. (860) 808-5210 and not the Court with any questions you have concerning this letter or the discovery order.


                         George Coleman, Acting Commissioner
                         Connecticut Department of Education


23

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on January 15, 2007.

Darren P. Cunningham
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

_____
David C. Shaw, Esq.