UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| P.J., et al., | : | CIVIL NO. |
| Plaintiffs, | : | 291CV00180 (RNC) |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, et al. | : | |
| Defendants. | : | AUGUST 21, 2007 |

## MOTION TO COMPEL

The plaintiffs move to compel responses to their Motion for Disclosure and Production dated March 30, 2007 pursuant to Rule 37, Fed. R. Civ. P. In support of this motion the plaintiffs represent the following:

1. The plaintiff served a Motion for Disclosure and Production on the defendants pursuant to Rules 26, 33 and 34, Fed. R. Civ. P. on March 30, 2007. Exhibit A. The defendants served objections and answers to this Motion on or about May 21, 2007. Exhibit B.

2. On June 19, 2007 the plaintiffs wrote a letter to defendants' counsel pursuant to Rules 33, 34 and 37(a)(2)(B), Fed. R. Civ. P., in a good faith attempt to resolve the matters raised in defendants' objections to plaintiffs' Motion. Exhibit C.

3. Plaintiffs were particularly concerned that defendants had not confirmed: 1) that defendants had not admitted in response to Interrogatory # 1 that approximately 600 students floated in an out of the defendants' computer database of class members; 2) that defendants failed to confirm in response to Interrogatory # 2 the accuracy of plaintiffs' computer analysis

that identified class members who floated in and out of the CSDE database of class members; 3) that in response to Interrogatory # 3 the defendants failed to provide data that explained why each of these 600 class members appeared, disappeared and reappeared in the data set; 4) that in response to Interrogatories ## 4 and 5 defendants failed to identify each student who has been exited form the CSDE data set and provide specific information about why each of these students was exited from the data set of class members; and 5) that in response to Request for Production # 4 the defendants refused to provide "all data on students who have exited the class, whether from the PCI database or another SCDE database." Exhibit C.

4. Defendants responded in a letter dated July 2, 2007. Exhibit D. In that letter the defendants acknowledged that 600 students have moved in and out of the class list (Exhibit D, p. 1). However, the defendants stated they were unable to address plaintiffs' concerns relating to Interrogatories ## 2, 3, 4 and 5, and refused to produce "all data on students who have exited the class" on the grounds that such disclosure would violate the privacy rights of non-class members whose names appear on those databases.

5. The defendants indicated that they intended to address plaintiffs' concerns by contracting with an independent data expert to assist in developing analytic procedures that would yield a more accurate depiction of class membership from 1998 through the current date. Defendants indicated further that this analysis was expected to be completed by the fall of 2007 and that the CSDE analysis would be turned over to plaintiffs when completed.

6. The defendants' response is unacceptable to plaintiffs. This Court ordered the implementation of this Settlement Agreement on May 22, 2002. Paragraph I.2. of the Settlement

Agreement requires defendants to prepare and distribute to the parties and the court a list of public school students in Connecticut who carry the label of either mental retardation or intellectual disability and to update that list annually. The defendants have failed to meet this requirement of the Settlement Agreement. Despite the complaints of the Expert Advisory Panel and plaintiffs over the past five years, the defendants have failed to provide and update a list of class members, failed to explain to the EAP and plaintiffs why the class has decreased in size from 4103 to 2794 students and what has happened to those students, and failed to explain why 600 students float in and out of the class member data set. Given these failures, plaintiffs should be provided all of the data on class members so that they can conduct their own analysis.

7. The plaintiffs initiated discovery in May of 2007 to determine why the defendants have made only limited progress under the Settlement Agreement. The plaintiffs are currently entering into the final stage of data gathering. Given the complexity of this analysis, the related cost, and defendants' failure to respond to the concerns of the plaintiffs and the EAP over the past five years, the plaintiffs should not have to rely on defendants' analysis and wait until some indefinite date in the future to review defendants' analysis. The plaintiffs require all data on class members immediately so that they can complete their analysis in a timely fashion and have the opportunity to conduct follow up expert discovery if necessary.

8. Accordingly, defendants should be ordered to respond fully to Interrogatories ## 3, 4 and 5 and Request for Production # 4 so that plaintiffs can determine why the class has been reduced by more than 1000 over the life of the Settlement Agreement.

9. Despite good faith attempts, plaintiffs have not been able to resolve these matters

with defendants. See attached Declaration of Attorney Shaw submitted pursuant to Local Rule 37.

WHEREFORE, the plaintiffs request that the Court order the defendants to respond fully to Interrogatories ## 3, 4 and 5 insofar as they request specific explanations and data as to why approximately 600 students have floated in and out of the CSDE data set, and the reasons why over 1000 students have apparently been exited from the class since implementation of the Settlement Agreement was ordered by the Court, and order the defendant to produce all CSDE computer data on class members so that plaintiffs and their experts can conduct their own independent analysis of the CSDE data and a timely follow up investigation. To the extent that the production of all CSDE computer data will require the production of information on students who are not members of the class, the plaintiffs request that the Court enter the Protective Order attached as Exhibit E to this Motion.

PLAINTIFFS,

By _____
David C. Shaw, Esq.
The Law Offices of David C. Shaw, LLC
Fed. Bar No. ct05239
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
Tel. (860) 242-1238
Fax. (860) 242-1507
Email: dcshaw@cttel.net

## CERTIFICATION

    This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on August 22, 2007.

Darren P. Cunningham
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

                                              David C. Shaw, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| P.J., et al., | : | CIVIL NO. |
|     Plaintiffs, | : | 291CV00180 (RNC) |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, et al. | : | |
|     Defendants. | : | AUGUST 21, 2007 |

### DECLARATION

I, David C. Shaw, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, the following statement is true and correct:

I have made reasonable efforts to resolve my differences with defendants' counsel pursuant to Local Rule 37(a)(2) over defendants' objections to plaintiffs' Motion for Disclosure and Production dated March 30, 2007 as reflected in Exhibit C and D to Plaintiffs' Motion to Compel.

_____
David C. Shaw