# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| P.J., et al., | : | CIVIL NO. |
| Plaintiffs, | : | 291CV00180(RNC) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, et al. | : | |
| Defendant | : | |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S MOTION
FOR DISCLOSURE AND PRODUCTION DATED MARCH 30, 2007**

The plaintiffs, pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure and Rule 26 of the Local Civil Rules, and Section I.3. of the Settlement Agreement, hereby propound the following Interrogatories and Requests for Production to be answered by the defendants under oath, within thirty days of the date of service hereof.

The word "document" as used herein includes all writings, drawings, graphs, charts, photographs, phonorecords, computer data bases, CD Roms, and other data compilations from which information can be obtained and translated, if necessary, into a reasonably usable form. These documents include any material stored in any other electronic manner as well.

**INTRODUCTION**

Defendants, State of Connecticut et al, ("Defendants") hereby object and respond to "Plaintiff's Motion for Disclosure and Production Dated March 30, 2007." Defendants reserve their right to object to the admission in evidence of any and all of the information

1

produced herein on any ground. Defendants answers are based upon information acquired through May 11, 2007. Accordingly, defendants responses are subject to change as defendants acquire additional information and complete their review and analysis of information obtained.

To respond to Plaintiff's requests the Defendants have caused inquiry to be made of certain of its employees for all information as is reasonably likely to be responsive to Plaintiff's requests.

## INTERROGATORIES:

1. The plaintiff's review of the 2005-2006 computer data produced by defendants, together with the data produced on school years prior to 2005-2006, reveals that 2727 students move in and out of the data set two or more times during the five year period up to and including the 2005-2006 school year. Our analysis, attached as Exhibit A, reveals, for example, that student with COMPID # ACAMPA1207882 first appeared in the data set in 1998, then disappeared from the data set in the year 2000, then reappeared in the data set thereafter. Please confirm that the plaintiffs' analysis arrayed in Exhibit A is accurate.

### ANSWER AND OBJECTION

Defendants cannot confirm that plaintiffs' analysis in Exhibit A is accurate. However, defendants do confirm that the example given for the "student with COMPID # ACAMPA1207882 first appeared in the data set in 1998, then disappeared from the data set in the year 2000, then reappeared in the data set thereafter" is accurate.

Without knowing the procedure used to produce the number 2727, defendants cannot verify that the data arrayed in Exhibit A is accurate. For example, to narrow down the instances of missing data, did plaintiffs simply use the student's COMPID and seek to match the COMPID in each year of data? Or did plaintiffs work to verify missing cases by seeking out potential error in birthdate or gender code, which might impact ability to match COMPID in a particular year? Put simply, defendants can't verify the accuracy of the data unless they are able to replicate the procedure.

Accordingly, defendants object to this interrogatory because it is ambiguous and unduly and unreasonably burdensome for these reasons as well as the reasons stated in defendants objection to interrogatory number three and elsewhere.

2.  If, in your opinion, Exhibit A is not an accurate depiction of students who have moved in and out of the data set, please provide an analysis of why you believe Exhibit A is not accurate, and the person most knowledgeable about whether Exhibit A is accurate.

### ANSWER AND OBJECTION

Defendants do not believe there are 2727 students who move in and out of the data set two or more times over a 5 year period. If this were the case, then every COMPID referenced on the 65 page list of students provided by the plaintiff would have to correspond to a unique student. This is not the case. COMPIDs are replicated on each page to show, for each student, how many instances of missing data have occurred. It seems that there are

2727 instances of missing data, but this is accounted for by a certain amount of students that is some number less than 2727.

As stated above, the defendants cannot determine the accuracy of Exhibit A without knowing the analytical procedure and/or what question plaintiffs are seeking to answer. Without knowing the procedure used by the defendants, this request is ambiguous and unduly and unreasonably burdensome, for reasons stated in defendant's objections to interrogatories number one and three.

The person most knowledgeable about whether Exhibit A is accurate is Heather Levitt Doucette.

3. Please explain why each of the students listed on Exhibit A appear, disappear and reappear in the data set.

**OBJECTION**

Defendants object to this request on the grounds that it is unduly and unreasonably burdensome. Using the list provided by defendants it would take approximately 200 person hours (see infra) to look up each individual COMPID for each year that data is missing.

It will be especially burdensome if defendants are to investigate possible contributors to missing data points, which tend to be related to data entry errors. For example, a student may be missing in a given year of data because the birthdate was off by a digit in one year, or the gender code at the end of the COMPID was entered inappropriately, or any number of other "typos" or data entry errors. It will be very time consuming to investigate every possible source of data entry error that could lead to data mismatch when looking to find COMPIDs in consecutive years of data, so part of complying with the plaintiff's request would be to determine how far we are willing to go to figure out what data are truly missing from the system versus data on an individual student that is located under a "different" student record because the COMPIDs don't match from year to year.

Specifically, there are approximately 600 students identified in Exhibit A. To locate each student in one year's data set requires the computer to search for approximately 2 minutes per student (due to the size of the data set it would be querying). This breaks down

4

as follows: 600 students X 2 mins/student= 1200mins/yearly data set = 20 hours. 20 hours of computer searching x 5 years of data sets= 100 hours (just for the computer to run).

Now, consider that it takes about 2 minutes/student for our person to examine what the computer locates and then record that information. This would need to be done for each student for 5 years of data sets. This is, for 600 students x (2mins/student X 5 years of data sets)= 6000 minutes x (10mins/student) = 100 hours for review of 5 years of data sets. This then is 100 hours of the computer running and 100 hours of a person examining and recording data, which equals (at a minimum) 200 hours.

Defendants have given and continue to give plaintiffs full access to the relevant non-privileged student records from which this information may be derived pursuant to, inter alia, Fed. R. Civ. P. 33(d).

4. The data set also reveals that many students appear in the data set for one or more years, then exit the data never to return. Please identify each student who has so appeared and then exited the data set.

**OBJECTION**

The defendants object to this interrogatory on the grounds that it is ambiguous and unduly and unreasonably burdensome, for reasons stated as to interrogatories one and three and elsewhere in this response.

It is unclear if the students referenced in this question are included in Exhibit A, or if there is another set of students. If the students are already in Exhibit A, the completion of the analysis described in response to interrogatory #3 would be necessary to address this question. For the reasons stated above, defendants object to completing this analysis because it would be unduly and unreasonably burdensome for the reasons stated as to interrogatories one and three and elsewhere in this response.