5. For each student identified in response to interrogatory 4, please provide the following information:

   a. Exit date;

   b. Exit reason (categories in Handbook p. 27);

   c. On exit reason, please identify which class members were reclassified into another disability type, and the IDEA disability category into which each such class member was reclassified into; and

   d. For class members who no longer receive special education (exit reason = 4), please explain why. If this information is not available in the PCI data, please explain why not.

**OBJECTION**

The interrogatory is ambiguous and unreasonably and unduly burdensome for reasons stated in response to interrogatories one and three and elsewhere in this response.

## REQUESTS FOR PRODUCTION

1.  Produce a copy of all the guidance given to local school districts on including, but not limited to the November 2004 CSDE guidance to school districts regarding how to appropriately report the education location for high school aged students who are attending what the Connecticut Department of Education ("CSDE") has termed "age appropriate programs".

## RESPONSE AND OBJECTION

Attached are correspondences provided to districts regarding how to appropriately report the education location for high school aged students who are attending "age appropriate programs".

1. E-mail dated November 19, 2004 from George P. Dowaliby to all directors of special education with attachment memo **Age Appropriate Programs**
2. E-mail dated November 23, 2004 from Mary Keenan, the CSDE's special education data manager, to all directors of special education and all district special education data contact person with 3 attachments- November 19, 2004 memo from Connecticut's Director of Special Education George Dowaliby (same as item #1 above); a list of the new facility codes created for these programs; and the new 2004-05 list of facility codes for special programs (e.g. not typical public schools) that was modified to include the Age Appropriate Community-Based Programs (AACBP).

The Connecticut State Department of Education ("CSDE') is examining training record archives for 2005-06 and 2006-07 to determine if further guidance was provided to districts since the initial dissemination of information was provided in 2004. In order to do this, the CSDE need to follow-up with former Special Education Data Manager, Mary Keenan, who is on extended medical leave, to determine if she has any other records of communications with districts around this issue beyond November 2004. We have not received specific instructions on her filing system and she is not reachable for help on this matter at this time. The CSDE

will work to complete this search and will forward further written guidance if it was provided, by June 30, 2007.

    2.    Produce the February 2007 computer data on class members in the same form that the 2005-2006 and previous data was provided to plaintiffs for computer analysis.

**RESPONSE**

As indicated in previous correspondence to you, this information was not to be available until after May 15. These data were collected after the most recent mailing to parents notifying them of their right to request that the CSDE not release their child's records to the plaintiffs. As a result, we need to manually remove the records of students whose parents were not included in that notification until such time as another mailing can be conducted. We continue to have difficulties redacting names from this data source, as the data were collected in a different format than the collections conducted in previous years, but continue to work on this and anticipate providing this to you by June 15, 2007.

    3. Produce the June 2007 data on class members when it is received from local school districts in the same form the 2005-2006 computer data was provided to plaintiffs for computer analysis.

**RESPONSE**

Defendants collected this data in April 2007. The defendants hope to have this information in the form of electronic Microsoft Access databases by August 30, 2007, but will not have a specific date until the data is reviewed. This review will include extrapolating names of students for whom there is not consent to release information. The task of completing this is similar to the issues with the February 2007 data disks. The aggregate data for each of the districts that had submitted April 2007 data to the state as of May 1, 2007 was provided to you on May 14, 2007 at the Expert Advisory Panel Meeting.

    4.    Produce all data or students who have been exited, whether from the PCI data base or other CSD data bases.

## RESPONSE AND OBJECTION

Defendants assume that the request contains a typographical error and that plaintiffs are asking that defendants "[p]roduce all data on students who have been exited...."

Defendants object to this request because it is overly broad (e.g. no time frame, no identification of which students are being referenced, no definition of "exit") and is therefore unduly and unreasonably burdensome and expensive in terms of state resources. For example, in which year(s) that students exited is the request? Also, which students are being requested, those that exited special education, those that changed labels to another identification category from ID, those that exited Connecticut? Also, are the exited students defined as those that exited school due to dropping out, receiving a diploma, receiving a certificate of attendance, moved, died, changed identification labels from ID to some other label, left special education?

The defendants do not have data on students after they have exited Connecticut Public Schools. The defendants can provide the reason for a special education student's exit from public schools in the year in which the exit information was reported to the state. The defendants will provide that information for students reported to the state on December 1 as ID in the years 1998 through 2005 by September 1, 2007. This timeline is based on the calculation of man hours required to complete this process as described on page 5 of this document. The 2006 exit information has not yet been collected.

9

## OATH

I, Heather Levitt Doucette, hereby certify that I have reviewed the "Plaintiff's Motion for Disclosure and Production" dated March 30, 2007 and the responses, including all answers and objections, contained above and that they are true and accurate to the best of my knowledge and belief.

*Heather Levitt Doucette*

THE DEFENDANT
STATE OF CONNECTICUT

Subscribed and sworn to me before this 7\31 day of May 2007.

Darren P. Cunningham
Commissioner of the Superior Court

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 22 day of May, 2007, first class postage prepaid to:

David Shaw, Esq
34 Jerome Ave
Suite 210
Bloomfield, CT 06002-2463

*Darren P. Cunningham*
Darren P. Cunningham
Asst. Attorney General