EXHIBIT  G

FILED

UNITED STATES DISTRICT COURT
OCT 11  3 09 PM '90

DISTRICT OF CONNECTICUT

CLERK
U.S. DISTRICT COURT
HARTFORD, CONN.

THE CONNECTICUT TRAUMATIC          :
BRAIN INJURY ASSOCIATION,
et al.                             :

          -vs-                     :  Civil No. H-90-97 (PCD)

MICHAEL F. HOGAN, et al.           :


### RULING ON MOTION FOR
### ORDERS RELATING TO DISCOVERY


Plaintiffs, two associations and seven individuals, sue "on
behalf of all persons with retardation or brain injury who are
now or may in the future be placed at Norwich or Fairfield Hills
Hospital." Amended Complaint ¶ 1. Plaintiffs seek classwide
injunctive relief to halt admissions of retarded and
traumatically brain injured persons to Norwich and Fairfield
Hills Hospitals and require that the defendants transfer
classmembers to residential and program settings where their
minimum needs can be met. Plaintiffs contend defendants'
policies and practices deny them the right to be free from undue
restraint, to receive training sufficient to prevent the
deterioration of basic self-care skills, to adequate clothing and
medical care, and to live in a safe environment. They claim
these practices violate their constitutional rights to due
process and equal protection as secured by the fourteenth
amendment and bring this action pursuant to 42 U.S.C. § 1983.

-2-

On July 6, 1990, this court granted plaintiffs' motion for class certification and ordered counsel, in good faith, to resolve all discovery issues in dispute or likely to arise. The court also ordered the parties to file jointly, on or before July 27, 1990, a proposed timetable for remaining discovery and a statement listing matters that remained unresolved requiring intervention of the court. Ruling on Motion for Class Certification at 8 (July 6, 1990).

Pursuant to that order, on July 24, 1990, counsel requested court intervention to resolve this discovery dispute. Plaintiffs contend that, in order to prove their allegations that defendants' policies and practices have resulted in a massive curtailment of the individual and civil liberties of individual plaintiffs, members of plaintiff organizations, and of each classmember, broad discovery orders permitting plaintiffs' counsel and their experts to review and copy portions of the treatment files and other documents relating to each classmember are justified and necessary.

Defendants argue that disclosure of such information, without the informed consent of each absentee classmember or his/her authorized representative, would be in violation of the patients' confidentiality rights under Connecticut law.1/

---

1/ Connecticut Gen. Stat. § 52-146c(b), pertaining to privileged

-3-

Defendants do not contest the named plaintiffs' right to
disclosure of their own records pursuant to Conn. Gen. Stat. §
52-146f(5) which provides that "[c]ommunications or records may
be disclosed in a civil proceeding in which the patient
introduces his mental condition as an element of his claim."
Defendants claim that the absentee classmembers "have not
voluntarily become parties to this action and are not, therefore,
subject to the exception contained in § 52-146f(5)." Defendants'
Memorandum at 3.

---

communications between psychologist and patient provides: "a
licensed psychologist shall not disclose any communications made
to him by any person . . . unless the person or his authorized
representative, as defined in section 52-146d, waives the
privilege." Conn. Gen. Stat. § 52-146c(b) (1989).

Connecticut Gen. Stat. § 52-146d, pertaining to privileged
communications between psychiatrist and patient defines
"authorized representative" as "a person empowered by a patient
to assert the confidentiality of communications or records which
are privileged under sections 52-146c to 52-146i, inclusive."
"Communications and records" are defined as "all oral and written
communications and records thereof relating to diagnosis or
treatment of a patient's mental condition between the patient and
a psychiatrist . . . wherever made, including communications and
records which occur in or are prepared at a mental health
facility." Conn. Gen. Stat. § 52-146d (1989).

Connecticut Gen. Stat. § 52-146e similarly provides that "all
communications and records as defined in section 52-146d shall be
confidential. . . . Except as provided in sections 52-146f to
52-146i, inclusive, no person may disclose or transmit any
communications and records or the substance or any part or any
resume thereof which identify a patient to any person,
corporation or governmental agency without the consent of the
patient or his authorized representative." Conn. Gen. Stat. §
52-146e (1989).

-4-

## Discussion

In civil rights actions, federal policy favors broad disclosure. Kinoy v. Mitchell, 67 F.R.D. 1, 12 (S.D.N.Y. 1975). At the discovery stage, doubts must be resolved in favor of the civil rights claimant. Kelly v. City of San Jose, 114 F.R.D. 653, 666 (N.D. Cal. 1987). Whether the records of absentee classmembers may be discovered is governed in general by Fed. R. Civ. P. 26 (b)(1), which states that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." (Emphasis added). See Van Emirik v. Chemung City Dept. Social Serv., 121 F.R.D. 22, 24 (W.D.N.Y. 1988). The question of privilege is governed by Rule 501 of the Federal Rules of Evidence which provides "the privilege of a . . . person . . . shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Courts consistently have held that privileges asserted in actions brought pursuant to a federal statute such as § 1983 are governed by the principles of federal law. See von Bulow by Auersperg v. von Bulow, 811 F.2d 136, 141 (2d Cir.), cert. denied sub nom. Reynolds v. von Bulow,