-8-

plaintiffs and absentee classmembers over a period of time,
identifying data is needed.  Thus, all four factors of the Lora
test favor disclosure of the requested records.

This court in Doe stated that this conclusion is not
inconsistent with Conn. Gen. Stat. §§ 52-146c(c)(2) and 52-
146f(5) which provide that communications between a psychologist
and patient are privileged unless "in a civil proceeding, a
person introduces the person's psychological condition as an
element of his claim . . . ., and the judge finds that it is more
important to the interests of justice that the communications be
disclosed than that the relationship between the person and
psychologist be protected."   Doe, 126 F.R.D. at 449-50.  In Doe,
it was noted that "'plaintiff is deemed to have waived any
privilege he may have had when he put his medical condition into
issue by initiating this lawsuit.'"  Id. at 450, quoting In re
Agent Orange Prod. Liab. Litigation, 91 F.R.D. 616, 618 (E.D.N.Y.
1981).  Defendants in the present case argue, however, that
disclosure of documents relating to absentee classmembers' mental
health is not permitted under §§ 52-146c(2) and 52-146f(5)
because these classmembers did not voluntarily become parties.
Seventy-nine of the 115 classmembers in this law suit have been
state-declared incompetent and have been involuntarily committed
to state psychiatric facilities.  Plaintiffs' Reply at 4.
Presumably, all mentally retarded or brain injured persons are

-9-

incapable of managing their own affairs and therefore cannot
themselves consent, and only 22 of the 115 classmembers have duly
appointed guardians or conservators whose consent to the release
of confidential information is required under Conn. Gen. Stat. §
52-146e, absent consent by the patient. Plaintiffs' Reply at 4.
In this case as in Doe, where "disclosure is sought by
professionals whose purpose it is to protect the constitutional
rights of the plaintiff class, th[is] court finds that it is more
important to the interests of justice that the communications be
disclosed," even absent consent, "under the strict parameters set
forth in the protective order, than that the relationship between
patient and psychologist/psychiatrist be protected." See Doe,
126 F.R.D. at 450. See also Lora, 74 F.R.D. at 586. Justice
will not be served if plaintiffs' counsel is required to obtain
consent from all classmembers when only 19% of the retarded or
brain damaged persons have "personnel legally empowered to
consent." See id.

Summary

Plaintiffs' Motion for Orders Relating to Discovery is
granted, subject to plaintiffs' proposed protective order which
is hereby adopted. The records are to be limited to those of the
named plaintiffs and all those individuals who are traumatically
brain injured or mentally retarded who are currently residing at

-10-

Norwich or Fairfield Hills Hospital.  Compliance shall be in
accordance with the scheduling order issued pursuant to this
ruling.

SO ORDERED.

Dated at Hartford, Connecticut, this _10th_ day of October,
1990.

_____
Peter C. Dorsey
United States District Judge