UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| P.J., et al., | : | CIVIL NO. |
| Plaintiffs, | : | 291CV00180 (RNC) |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, et al. | : | |
| Defendants. | : | AUGUST 21, 2007 |

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

I.  FACTS

The plaintiffs move to compel responses to their Motion for Disclosure and Production dated March 30, 2007 pursuant to Rule 37, Fed. R. Civ. P. Exhibit A. In support of this motion the plaintiffs represent that for over five years the plaintiffs and Expert Advisory Panel ("EAP") have been requesting an explanation as to why significant reductions in the number of class members was being reported each year. As Exhibit F indicates, the defendants have reported that the class has shrunk in size from 4103 to 2794 students over the life of the Settlement Agreement. The plaintiffs have requested an explanation orally and in writing beginning with their October 18, 2002 comments to CSDE's First Annual Report. The defendants' have not responded to plaintiffs' objections allegedly because CSDE is not able to track class members from year to year on its computer system. This explanation has never been acceptable to plaintiffs.

In part, because of this problem, plaintiffs, in early 2006, retained a computer expert and

demanded that defendants turn over all their computer data on class members for analysis. The defendants responded by turning over only data on the students defendants considered to be class members at the time. Data on the more than 1000 students who have apparently been exited from the class was not provided based on the assertion that production of the data on these students would require the disclosure of data on all students in special education in Connecticut, many of whom are not class members.

Moreover, plaintiffs' analysis of the limited data that was provided revealed that over 600 students floated in an out of the CSDE data set on class members, some as many as four or five times over the life of the Settlement Agreement. The defendants claimed they could not confirm the accuracy of plaintiffs' analysis even after plaintiffs' methodology was made available to defendants. Defendants indicated that they would have to hire a computer expert to review all the CSDE data and address the concerns that have been expressed by plaintiffs and the EAP for over five years.

Dissatisfied with defendants' refusal to address plaintiffs' concerns and/or produce all the data on class members, the plaintiffs served a Motion for Disclosure and Production dated March 30, 2007 on the defendants pursuant to Rules 26, 33 and 34, Fed. R. Civ. P. Exhibit A. The defendants served objections and answers to this Motion on the plaintiffs on or about May 21, 2007. Exhibit B.

On June 19, 2007 the plaintiffs wrote a letter to defendants' counsel, pursuant to Rules 33, 34 and 37(a)(2)(B), Fed. R. Civ. P., in a good faith attempt to resolve their differences with defendants over their objections to plaintiffs' Motion, as required by Local Rule 37(a)2. Exhibit

C.

Plaintiffs are particularly concerned that defendants had not confirmed: 1) that approximately 600 students floated in an out of the defendants' computer data base, some as many as four or five times, and 2) that plaintiffs' analysis of the CSDE database was accurate. Plaintiffs were also concerned that in response to Interrogatory # 3 the defendants failed to provide data from its computer system that would explain why each of these 600 class members appeared, disappeared and reappeared in the data set, that in response to Interrogatories ## 4 and 5 defendants failed to identify each student who has been exited from the CSDE data set and provide specific information about why each of these students was exited from the class to help explain why the class has been reduced in size by one-third, and that in response to Request for Production # 4 the defendants refused to provide "all data on students who have exited the class, whether from the PCI data base or another SCDE data base." Exhibit C.

Defendants responded in a letter dated July 2, 2007. Exhibit D. In that letter the defendants acknowledged that plaintiffs' analysis of the CSDE computer data – that 600 students have moved in and out of the class data base - was likely correct (Exhibit D, p. 1). However, the defendants stated they were unable to address plaintiffs' concerns relating to Interrogatories ## 2, 3, 4 and 5[1], and refused to produce "all data on students who have exited

---

[1] Defendants assert on page 2 of their letter dated July 2, 2007 (Exhibit D) that the defendants were "working to investigate the plaintiffs' concern that the enforcement of the Settlement Agreement was inadvertently provoking districts to, appropriately or inappropriately, exit members from the class by either redetermining eligibility…under different eligibility categories.." but that they discontinued these efforts in October 2004 based on a discussion with the EAP. Plaintiffs have never agreed that efforts to identify missing class members could be abandoned, and, based on the text of the EAP Reports to the Court, doubt that the EAP made such a concession.

3

the class" as requested by Request for Production # 4 because, they asserted, such disclosure would violate the privacy rights of non-class members whose names appear on those databases.

As previously mentioned, the defendants indicate that they intend to address plaintiffs' concerns by contracting with an independent data expert to assist in developing analytic procedures that would yield a more accurate depiction of class membership from 1998 through the current date. Defendants indicate further that this analysis is expected to be completed by the fall of 2007 and that the CSDE analysis will be turned over to plaintiffs. While the plaintiffs welcome an independent analysis, plaintiffs believe it is essential that they be permitted to conduct their own analysis of the CSDE computer database.

Plaintiffs do not have confidence that any such analysis will be independent, timely or will address plaintiffs' many concerns about the CSDE databases, the reduction is the size of the class and the adequacy of defendants' monitoring and oversight of the class as a whole. Therefore, this motion has been filed seeking orders under Rule 37 that will require defendants to answer interrogatories ## 3-5 and produce the data identified in request for production # 4 including, but not limited to, all computer data relating to all students who have been identified as mentally retarded or intellectually disabled at any time since December 1, 1999.

II.     **ARGUMENT:**

Rule 37(a) provides that a party may apply for an order compelling discovery if that party fails to answer an interrogatory submitted under Rule 33, or fails to permit inspection submitted under Rule34. Rule 37(a)(2)(B).