*See also, Burka, v. New York City Transit Auth.*, 110 F.R.D. 660,667 (S.D.N.Y. 1986) (citing *Lora*)(directing disclosure of non-party employee drug test records held by employer); *Inmates of Unit 14 v. Rebideau*, 102 F.R.D. 122 (N.D.N.Y. 1984) (personnel files of non-party correction officers ordered produced in inmate civil rights case); *American Civil Liberties Union of Mississippi v. Finch*, 638 F. 2d 1336, 1342-44 (5th Cir. 1981)(ordering production of confidential files of government commission).

The most important consideration in resolving the conflict between the plaintiffs' need for confidential information about plaintiff class members is the importance of the information to plaintiffs' case – the considerations involved in the first and fourth prongs of the four-part *Lora* test. *Inmates of Unit 14 v. Rebideau,* 102 F.R.D. at 128. It is readily apparent that it is critical that plaintiffs have this information. After waiting in vain for defendants' analysis for five years, plaintiffs cannot be expected to wait for and rely upon defendants' analysis of the data any longer. Moreover, plaintiffs cannot fulfill their duty as class representatives if they do not review the CSDE data to determine why the size of the class has been drastically reduced and more than 600 students float in and out of the class. Given the magnitude of this problem and the longstanding failure of defendants to respond to concerns expressed by plaintiffs and the EAP about missing class members, it would be irresponsible of plaintiffs to rely on defendants' assurances.

The second and third prongs of the *Lora* test are also met here. While it may be necessary to release computer data to plaintiffs' counsel that contains confidential information on non-class members, that data will be released only to plaintiffs' counsel and plaintiffs'

10

computer experts. Plaintiffs' educational experts will not have access to these databases as they will be provided analyses of only data relating to class members. Moreover, the release of this information will be subject to the strict provisions of the attached proposed Protective Order. As several courts in this district have held, the entry of an appropriate Protective Order will adequately safeguard confidential information about non-class members while ensuring that plaintiffs have the information they need to represent the class. *See, Connecticut Traumatic Brain Injury Association v. Hogan*, No. H-90-97 (PCD)(Exhibit E), pp. 6-7, *citing Doe v. Meachum,* 126 F.R.D., 444, 449 (D. Conn. 1989).

### III.   CONCLUSION:

For the foregoing reasons, the plaintiffs request that the Court order the defendants to respond fully to Interrogatories ## 3, 4 and 5 insofar as they request specific explanations and data as to why approximately 600 students have floated in and out of the CSDE data set, and the reasons why over 1000 students have been exited from the class since implementation of the Settlement Agreement was ordered by the Court. In addition, the Court should order the defendants to produce all CSDE computer data on class members together with all handbooks, manuals and instructions relating to such data, so that plaintiffs and their experts can conduct their own independent analysis of the CSDE data and a timely follow-up investigation. To the extent that the production of all CSDE computer data will require the production of information on students who are not members of the class, the plaintiffs request that the Court enter the Protective Order attached as Exhibit E to this Motion.

PLAINTIFFS,

By _____
David C. Shaw, Esq.
The Law Offices of David C. Shaw, LLC
Fed. Bar No. ct05239
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
Tel. (860) 242-1238
Fax. (860) 242-1507
Email: dcshaw@cttel.net

## CERTIFICATION

    This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on August 22, 2007.

Darren P. Cunningham
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

                                                                            _____
                                                                            David C. Shaw, Esq.