-8-

plaintiffs and absentee classmembers over a period of time, identifying data is needed. Thus, all four factors of the <u>Lora</u> test favor disclosure of the requested records.

This court in <u>Doe</u> stated that this conclusion is not inconsistent with Conn. Gen. Stat. §§ 52-146c(c)(2) and 52-146f(5) which provide that communications between a psychologist and patient are privileged unless "in a civil proceeding, a person introduces the person's psychological condition as an element of his claim . . . , and the judge finds that it is more important to the interests of justice that the communications be disclosed than that the relationship between the person and psychologist be protected." <u>Doe</u>, 126 F.R.D. at 449-50. In <u>Doe</u>, it was noted that "'plaintiff is deemed to have waived any privilege he may have had when he put his medical condition into issue by initiating this lawsuit.'" <u>Id</u>. at 450, quoting <u>In re Agent Orange Prod. Liab. Litigation</u>, 91 F.R.D. 616, 618 (E.D.N.Y. 1981). Defendants in the present case argue, however, that disclosure of documents relating to absentee classmembers' mental health is not permitted under §§ 52-146c(2) and 52-146f(5) because these classmembers did not voluntarily become parties. Seventy-nine of the 115 classmembers in this law suit have been state-declared incompetent and have been involuntarily committed to state psychiatric facilities. Plaintiffs' Reply at 4. Presumably, all mentally retarded or brain injured persons are

-9-

incapable of managing their own affairs and therefore cannot themselves consent, and only 22 of the 115 classmembers have duly appointed guardians or conservators whose consent to the release of confidential information is required under Conn. Gen. Stat. § 52-146e, absent consent by the patient. Plaintiffs' Reply at 4. In this case as in Doe, where "disclosure is sought by professionals whose purpose it is to protect the constitutional rights of the plaintiff class, th[is] court finds that it is more important to the interests of justice that the communications be disclosed," even absent consent, "under the strict parameters set forth in the protective order, than that the relationship between patient and psychologist/psychiatrist be protected." See Doe, 126 F.R.D. at 450. See also Lora, 74 F.R.D. at 586. Justice will not be served if plaintiffs' counsel is required to obtain consent from all classmembers when only 19% of the retarded or brain damaged persons have "personnel legally empowered to consent." See id.

Summary

Plaintiffs' Motion for Orders Relating to Discovery is granted, subject to plaintiffs' proposed protective order which is hereby adopted. The records are to be limited to those of the named plaintiffs and all those individuals who are traumatically brain injured or mentally retarded who are currently residing at

-10-

Norwich or Fairfield Hills Hospital. Compliance shall be in accordance with the scheduling order issued pursuant to this ruling.

SO ORDERED.

Dated at Hartford, Connecticut, this 10th day of October, 1990.

_____
Peter C. Dorsey
United States District Judge