Longitudinal Database Description
December 2007

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| P.J., et al., | : | CIVIL NO. |
| Plaintiffs, | : | 291CV00180(RNC) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, et al. | : | |
| *Defendant* | : | December 10, 2007 |

**DEFENDANT'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S MOTION
FOR DISCLOSURE AND PRODUCTION DATED MARCH 30, 2007**

The following information is provided in explanation of the attached database which is a supplemental response to plaintiff's March 30, 2007 Motion for Disclosure and Production. The following information is being provided in accordance with Federal Rule of Civil Procedure 26(e).

**Introduction**

Plaintiff's Exhibit A from the March 30, 2007 Motion for Disclosure and Production lists students that were determined to be "floaters" (e.g. students who appear, disappear and reappear in the datasets on Class Members provided to the plaintiffs for the years 1998-2005). In the letter sent to the plaintiffs on July 2, 2007, the CSDE indicated that we were working on an analysis of Class Member data over time that

> would yield a more accurate depiction of class membership from 1998 through current date than plaintiffs Exhibit A….. The information revealed through this will allow the CSDE as well as the plaintiffs to have as accurate a picture as is possible of each class member since 1998 and what has occurred to them in each subsequent year to date. This will yield answers to the plaintiff's interrogatories as well as additional information on class members over time. The CSDE determined that investigating the plaintiff's analysis would be unduly burdensome if it were to occur in addition to the analytic work already underway at the CSDE.

The compilation of class member data over time, which the CSDE believes contains the answers to the questions relative to plaintiff's Exhibit A as expressed in the March 30, 2007

- 1 -

Longitudinal Database Description
December 2007

Motion for Disclosure and Production, Interrogatories #3, #4 and #5 as well as the materials
requested under the Request for Production #4, is now complete and provided with this
description. Below is a description of how this compilation of data, herein referred to as the
Longitudinal Class Member Database, can be queried to produce answers to interrogatories #3,
#4 and #5 as well as generate the product requested under Request for Production #4.

**Interrogatory #3: Please explain why each of the students listed on Exhibit A appear,
disappear and reappear in the data set.**

The Longitudinal Class Member Database contains a single record of data for any
student that was ever reported to the state as having Mental Retardation/Intellectual Disability
via Connecticut's annual data collection on public school students with disabilities in. This
includes all of the student's listed in Plaintiff's Exhibit A. Included in each student record are
data the following data elements for every year 1998-2006:

  - **ULDID**: Unique Longitudinal Database ID. Each record in this database
    corresponds to one student and was assigned a unique 5-digit ID for the purpose of
    identifying the records within this database only. The ULDID does not correspond
    to any other data on Connecticut Public School Students.

  - **COMPID**: Composite ID. Student's composite identification code. The first 5
    letters of the student's last name + The first letter of the student's first name + The
    student's date of birth (mmddyy) + The student's sex (1=Male; 2=Female)

  - **PROB_MATCH_COMPID**: A Probable Match Composite ID is a COMPID that
    may have been used in some year's of data that is different from the COMPID used
    in other year's of data, even though the data were reported on the same student. To
    the extent possible, demographic data contained in the database across the years, as
    well as information obtained through phone calls to districts, permitted the
    resolution of previously unmatched or "lost" information on students across
    successive years of data by determining that students may have been reported under
    an alternate, "probable match" COMPID in different years. In the Longitudinal
    Class Member Database, the COMPID field has been created to represent the
    official COMPID for the records in this database, while the
    PROB_MATCH_COMPID field contains any and all alternate COMPIDs that were
    uncovered during the matching of student data across years

  - **SASID**: Student's unique State Assigned Student Identifier. Only available for
    students whose data were reported in the 2006 year.

- 2 -

Longitudinal Database Description
December 2007

- **UNDISCLOSURE**: Undisclosure. 1 = Record was redacted due to parental request that the student's information not be disclosed. The only data that are contained for these students are the ULDID, STATUS, EXITREAS and SPECNEED data in each year the data were reported for these students.

- **SPECNEED**: Special need reported for the student
- **PCT_WNDP**: Percent of Time with Nondisabled Peers
- **ETHNIC**: Ethnicity
- **EXITREAS**: Exit Reason based on 7 or 8 possible exit codes, depending on the year of data
- **RESP_DIS**: Responsible School District
- **GRADE**
- **SEX**
- **AGE**
- **TOTSCHR**: Total School Hours
- **SPEDINHR**: Hours of Special Education Instruction
- **NDPEERHR**: Nondisabled Peer Hours
- **FED3WNDP**: Three Federally Defined Categories for Percent of Time with Nondisabled Peers (Regular Class (greater than 79%; Resource Room 40.1-79%); Separate Class (0-40%)
- **EDLOC**: The location where student is being educated
- **RESP_SCH:** Student's current enrolled school
- **EDFACCOD**: Education Facility Code
- **ERG1000**: Education Reference Group (ERG) A through I
- **F_FED321**: If a student record was counted as a student with a disability aged 3-21
- **STATUS**: Record status: "Active Record"; or "Not yet Identified as Class Member"; or "Exit"(in which case the field EXITREAS clarifies the reason for exit); or "Missing"
- **ACTIVE_CLASS_MEMBER:** Class Member status, e.g. "1998 Active" indicates that this student carried the label of ID/MR in the 1998 data (1998_STATUS="Active Record" and 1998_SPECNEED=1)
- **NEWLY_IDENTIFIED**: Indicates if the student is a newly identified class member in that year of data
- **EDATBOE**: Beginning with the 2001 data, indicates if the child is attending their home school (these data were not collected prior to 2001)
- **EXTRA**: Beginning with the 2001 data, indicates if the child is participating in extracurricular activities (these data were not collected prior to 2001)

The answer to Interrogatory #3 for the students indicated in Exhibit A can be determined by extracting information from the Longitudinal Class Member Database. There are 3 scenarios which would have lead a student to appear, disappear and then reappear in the data according to plaintiff's Exhibit A:

1) The student exited from public school and/or was no longer receiving services under an IEP in the year that the student is noted by the plaintiff's to have

- 3 -

Longitudinal Database Description
December 2007

"disappeared". If this is the case, then the **STATUS** field for that student will read "Exit" and the reason for the exit can be looked up in the **EXITREAS** field for that year.

2) The student was an active public education student with a disability, but was reported to the state as having a disability other than Mental Retardation/ Intellectual Disability in the year that the student is noted by the plaintiff's to have "disappeared". If this is the case, then the **STATUS** field for that student in that year will read "Active Record", and the disability reported for the student in that year will be indicated by the code in the **SPECNEED** for that year and will be a code other than "1", which is the code for ID/MR. An explanation of the codes for the other disability categories is provided in the codebook that accompanies the Longitudinal Database of Class Members.

3) No data for that student were reported to the state in the year that the student's data "disappear" from plaintiff's Exhibit A. If this is the case, then the **STATUS** field for that year will read "Missing". In this instance, no Lead Education Agency (LEA), also known as a district, in Connecticut reported data on this student to the state in that year.

**Interrogatory #4: The data set also reveals that many students appear in the data set for one or more years, then exit the data never to return. Please identify each student who has so appeared and then exited the data set.**

The answer to Interrogatory #4 can be determined by extracting information from the Longitudinal Class Member Database. There are 3 scenarios which would have lead a student to appear to have exited the plaintiff's databases never to return:

1) In the year that the plaintiffs observe a student to "exit the data never to return", the **STATUS** field for the student record will read either "Exit" or "Missing". In subsequent years, the **STATUS** field for the student will retain the "Exit" or "Missing" label so long as the student was never again reported to the CSDE. If the student's **STATUS** = "Exit" in one year and the student never returns to the dataset as an active student with a disability, we would consider this student record to be a

- 4 -

Longitudinal Database Description
December 2007

terminal exit and the reason for the exit could be determined by looking up the
**EXITREAS** code for the student in the year that the student's **STATUS** field first
was determined to be "Exit".

2) No data for that student were reported to the state in the year that the first year that
student does not return to the plaintiff's data set. If this is the case, then the
**STATUS** field for that year will read "Missing". In this instance, no Lead
Education Agency (LEA) in Connecticut reported data on this student to the state in
that year.

3) In the year that the plaintiffs observe a student to "exit the data never to return", the
student may have been reported as having a disability other than Mental
Retardation/Intellectual Disability. In this case, the **STATUS** field for the student
would be "Active Record" in the year that the plaintiffs first observe a student to
disappear from their datasets, and the **SPECNEED** field would contain a code for
any of the other disabilities that can be reported to the CSDE (e.g. the **SPECNEED**
would equal some other code than 1).

**Interrogatory #5: For each student identified in response to interrogatory 4, please
provide the following information:**

    a.    **Exit date;**

    b.    **Exit reason (categories in Handbook p. 27);**

    c.    **On exit reason, please identify which class members were reclassified into
another disability type, and the IDEA disability category into which each
such class member was reclassified into; and**

    d.    **For class members who no longer receive special education (exit
reason = 4), please explain why. If this information is not available in the
PCI data, please explain why not.**

As indicated in the response to Interrogatory #4, there are three scenarios which explain
why a student might appear in the plaintiff's data set for one or more years, then exit the data
never to return. If the reason this occurs is due to scenario 1, then the Exit date will be
recorded under the field **EXITDATE** and the exit reason will be recorded under the field

Longitudinal Database Description
December 2007

**EXITREAS**. If the reason this occurs is due to scenario 2, no **EXITREAS** or **EXITDATE** data are available for that student. If the reason this occurs is due to scenario 3, then the disability category into which a class member was reclassified will be reported under the field **SPECNEED**.

For those students whose **EXITREAS** is reported as a 4 (no longer receiving special education/transferred to regular education), you have requested that an explanation be provided. According to the PCI Handbook, provided to you August 29, 2005, an exit code of 4 should be reported for "Students, who were served in special education during the previous reporting year but at some point during that 12-month period, met the objectives of the IEP or were withdrawn from special education by a parent. These are students who no longer have an IEP and are receiving all their educational services from a general education program." The CSDE does not collect further specific information regarding this exit code.

**Request for Production #4: Produce all data or students who have been exited, whether from the PCI data base or other CSD data bases.**

On August 31, 2007, defendant's sent to the plaintiffs databases that contained information on students who were reported as having an intellectual disability, but whose student record also indicated that they: 1) Exited from Connecticut public schools (e.g. graduated with a diploma); or 2) exited from an individual school district (e.g. moved); or 3) exited from special education (e.g. no longer received special education). The data reflected an exit that occurred sometime between December 2 of the previous year and December 1 of the year in which the data were collected, inclusive, for the years 1998-2005.

The data sets provided to the plaintiffs on August 31, 2007 were limited to information on students for whom an exit code was reported, and did not account for students whose data may have been missing due to an LEA failing to report the student to the state in a given year. The Longitudinal Class Member Database does account for missing records, and is thus a more complete source of information with respect to the Request for Production #4. Furthermore, the exit records provided in the August 31, 2007 data sets were not aligned with the active records previously provided to plaintiffs. Students who may have moved from one school district to another would have had both an exit record in the data sets provided as a response to

Longitudinal Database Description
December 2007

the Request for Production #4, and would also have had an active record in the data sets on active class members previously provided to the plaintiffs for the years 1998-2005. The defendants recognize that aligning the two sources of data may have been problematic for the plaintiffs. The Longitudinal Class Member Database resolves this issue by retaining only the active record for a student who may have had both an active and an exit record in any given year (if, for example, they were reported as moved by one district, but as a new active student by another district). The student can still be recognized as a student who moved because the **RESP_DIS** field will have changed from one year to the next, but the student's data are captured in one record. In this way, the Longitudinal Class Member Database makes it easier to track a student over time. Furthermore, because the active, exit and missing data are all located in one database, an analysis of the patterns of movement for all Class Members is easier to conduct.

In reference to providing data on students who have exited from CSDE databases other than PCI, as no unique student identifier was available for information collected on students with disabilities by the CSDE until 2006, a low matching rate of student records across various CSDE databases is expected. When we attempted to provide you with information on Class Members contained in various CSDE databases as per the August 2005 correspondence, the result was an unreliable, unmeaningful cross-reference of the data. In the past, the various CSDE data collections were not designed to be cross-referenced; most were designed to be analyzed in the aggregate and not at the individual student level. Although every student in the state is now assigned a unique student identifier, this does not help us in matching historical data, which is what you are requesting under production #4 relative to previously exited Class Members and information contained on those students in CSDE databases. Therefore, information on Class Members who have exited from other CSDE databases cannot be provided.

- 7 -

Longitudinal Database Description
December 2007

## OATH

I, Heather Levitt Doucette, hereby certify that I have reviewed the "Plaintiff's Motion for Disclosure and Production dated March 30, 2007 and the responses, including all answers and objections, contained above and that they are true and accurate to the best of my knowledge and belief.

_Heather Levitt Doucette_

Heather Levitt Doucette

Subscribed and sworn to me before this 17 day of December 2007.

_Darren P. Cunningham_

Darren P. Cunningham
Commissioner of the Superior Court

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 18 day of December 2007, first class postage prepaid to:

David Shaw, Esq
34 Jerome Ave.
Suite 210
Bloomfield, CT 06002-2463

_Darren P. Cunningham_

Darren P. Cunningham
Assistant Attorney General

- 8 -