UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| P.J., et al., | : | CIVIL NO. |
|     Plaintiffs, | : | 291CV00180 (RNC) |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, et al. | : | |
|     Defendants | : | APRIL 15, 2008 |

## MOTION FOR ORDERS
## TO REMEDY SUBSTANTIAL NON-COMPLIANCE
## WITH SETTLEMENT AGREEMENT

The Plaintiffs move, pursuant to Section III.1 of the Settlement Agreement, for a finding that the Defendants are in substantial non-compliance with the Settlement Agreement entered in this matter, that remedial orders are necessary to fully implement the Settlement Agreement and that remedial orders are necessary and appropriate to ensure implementation. In support of this Motion the Plaintiffs represent the following:

1. The Settlement Agreement was approved and entered by the Court on May 22, 2002. [Doc. ## 462, 463].

2. Section III of that Settlement Agreement provides that the Court shall have jurisdiction to enforce the Settlement Agreement for five years from the date the Expert Advisory Panel ("EAP") is empanelled pursuant to Section IX of the Settlement Agreement.

3. Section III provides further that the Court shall have jurisdiction to entertain Plaintiffs' motions for substantial non-compliance with the Agreement for a period of eight years from the empanelling of the EAP.

4. The EAP was empanelled on August 13, 2002.

5. During the period August 13, 2002 through May 16, 2007, the Defendants prepared and submitted to the Court, the EAP, and the Plaintiffs four Annual Reports and held periodic meetings with the EAP to discuss progress on the implementation of the Settlement Agreement.

6. The Plaintiffs prepared and submitted comments on each of these Annual Reports to the Defendants and the EAP.

7. The EAP prepared and submitted reports to the Court on the progress that had been made toward implementing the Settlement Agreement and made recommendations as to actions that would be necessary to implement the Agreement. In each of these reports the EAP noted inadequate progress in implementing the Settlement Agreement.

8. The EAP's last report was filed with the Court in February 2007.

9. In that report, the EAP indicated that adequate progress had not been made in implementing the five central goals of the Settlement Agreement, that the vast majority of local school districts, including virtually all of the suburban school districts, had not been involved in the implementation efforts, that the technical assistance that was to be provided all LEAs and training of parents required by the Settlement Agreement had not been implemented, and that the reduction in class size by one-third made assertions as to progress and proper identification of members of the class highly questionable. The EAP also indicated that continued external oversight of the CSDE efforts to implement the Settlement Agreement was essential given the fact that so little progress had been made.

10. The EAP was terminated by the Defendants on May 16, 2007 against the recommendation of the EAP and over the objections of the Plaintiffs.

11. The Plaintiffs then attempted to conduct discovery to assess Defendants' compliance with the Settlement Agreement.

12. The initial phase of that discovery involved sending experts to a sample of twenty school districts to review the programs and services class members were receiving in public schools. The Defendants cooperated in this phase of discovery.

13. In the fall of 2007, the Plaintiffs sought to continue their evaluation of Defendants' compliance by conducting an analysis of the oversight and monitoring CSDE has provided under the Settlement Agreement. The Defendants failed to cooperate in Plaintiffs' attempt to evaluate the Defendant CSDE's oversight of implementation efforts, monitoring of local school districts and development of training, and technical assistance for local school districts as required by the Agreement. In particular, Defendants refused to make its officials and employees available to explain Defendants' efforts to oversee and implement the Settlement Agreement, failed to cooperate with discovery ordinarily available under Rule 34, Fed. R. Civ. P., and failed to make any assessment of the complaints by Plaintiffs and the EAP relating to the apparent disappearance of over 1000 class members, the fact that hundreds of students with intellectual disabilities were inexplicably reclassified to other disability categories and removed from CSDE oversight under the Settlement Agreement and the fact that at least 600 students floated in and out of the class without any analysis or explanation.

14. The Plaintiffs submit that the Defendants' failure to cooperate with reasonable discovery to assess compliance violates Section III of the Settlement Agreement.

15. The Plaintiffs therefore assert that the Defendants have failed to comply with the Settlement Agreement in many respects, including, but not limited to the following:

a. they failed to provide to Plaintiffs, the EAP and the Court with a list of class members and update to that list periodically;

b. they failed to assess and take remedial action with regard to the reduction in the number of class members by one-third, the fact that at least 600 students have drifted in and out of the data base, and that several hundred students have been reclassified; CSDE has also failed to take these substantial sources of error into account when assessing compliance with the Settlement Agreement;

c. they failed to accurately assess and report on the progress that has been made to implement the Settlement Agreement;

d. they failed to develop a system of technical assistance and make that technical assistance available to all local school districts;

e. they failed to provide training as required by the Settlement Agreement;

f. they failed to make adequate progress toward achieving the five central goals of the Agreement;

g. they failed to adequately monitor and oversee the implementation efforts of local school districts;

h. they failed to assess whether class members have been placed in regular classes with adequate supplementary aids and services and modifications to the general education curriculum, and take action to identify and address the placement of students with intellectual disabilities in regular classes with wholly inadequate supplementary aids and services;

i. they failed to make any meaningful effort to address the continued practice of assigning and students with intellectual disabilities and maintaining them in to segregated educational facilities;

j. they failed to make sufficient documents and data available to Plaintiffs so that they can assess compliance and advocate for appropriate remedial orders; and

k. they dismissed and terminated the functions of the EAP even though the Settlement Agreement contemplated ongoing oversight by the EAP.

16. The Plaintiffs request, by way of relief:

a. An order requiring Defendants to allow Plaintiffs' experts to interview employees and contractors of the Defendants regarding efforts they have made to implement the Settlement Agreement, and to cooperate fully with Plaintiffs' discovery relating to the adequacy of CSDE efforts to implement the Settlement Agreement.

b. An order scheduling the completion of discovery and establishing a trial date on Plaintiffs' Motion to Enforce Settlement Agreement.

c. An order appointing the EAP as Special Masters pursuant to Rule 53, Fed. R. Civ. P. to implement the duties and responsibilities established for the EAP under the Settlement

Agreement and to exercise the powers specified in Rule 53.

 d. An order requiring the Defendants to fully implement the five goals of the Settlement Agreement with the oversight of the Special Masters by no later than August 12, 2010.

 e. An order requiring the Defendants to provide monitoring and oversight of the implementation of the Settlement Agreement sufficient to implement the five goals of the Settlement Agreement, collect, analyze, and use quantitative and qualitative information and data to identify problems, verify and report on the accuracy of data and information provided by LEAs, and provide consistent feedback to all LEAs on their performance in achieving the five state goals of the Settlement Agreement.

 f. An order requiring the Defendants to monitor the participation and progress of students with mental retardation or intellectual disability in the general curriculum, use of out-of-district placement, and use of promising practices with respect to the education of class members with non-disabled students.

 g. An order requiring the Defendants to monitor and assure through monitoring the availability of adequate supplementary aids and services and modifications to the general education curriculum to support regular classroom placements of class members.

 h. An order requiring the Defendants to implement focused monitoring designed to identify and provide solutions where LEAs are not making satisfactory progress toward placing students with mental retardation or intellectual disabilities in regular classes with adequate supplementary aids and services and modifications to the general education curriculum.

i. An order requiring the Defendants to design and implement a system of technical assistance with the oversight of the special masters that is available to all LEAs to enable them to implement the requirements of the Settlement Agreement.

j. An order requiring the Defendants to provide with the oversight of the Special Masters a sufficient number of qualified specialists to assist LEAs in carrying out their training, supervision and support responsibilities specified the Settlement Agreement and to ensure that these specialists have considerable knowledge and skill in teaching students with mental retardation or intellectual disability in regular classes, and in assisting teachers and other personnel to accommodate and support students with mental retardation or intellectual disability in regular classes, including students with behavior problems and severe cognitive disabilities.

k. An order requiring the Defendants to design and implement a system of training for parents of students with mental retardation to enable them to advocate for the education of they children in placing and properly supporting their children in the least restrictive environment.

l. An order requiring Defendants to implement a complaint resolution process that complies with 34 C.F.R. § 300.660.

m. An order that requires Defendants to provide to class counsel, the Special Masters, and the Court the name, address, identification number, school district, parent name and telephone number all students who were class members as of May 2002 and all students who have been identified as having intellectual disability or mental retardation since May 2002.

n. An order requiring Defendants to conduct an audit to identify all class members who have been assigned another disability classification improperly, and require the responsible LEA to identify and provide an appropriate remedial program for any child whose classification has been changed improperly.

o. An order requiring the Defendants to conduct an audit to identify all students with mental retardation or intellectual disabilities who have been exited from special education before they aged out from eligibility under state law even though they did not meet the same graduation requirements as non-disabled students or receive adequate transition services and provide an appropriate remedial special education program for those students.

p. An order requiring the Defendants to conduct an audit to identify all students whose disability category was changed from intellectual disability to another disability category to meet Goal # 2 of the Settlement Agreement and ensure that an appropriate remedial educational program is provided for such children.

q. An order requiring Defendants to take all necessary and appropriate action to return all class members in segregated schools to regular classes in public schools with adequate supplementary aids and services whenever possible.

r. An order requiring Defendants to identify all class members who have been removed from regular classes because adequate supplementary aids and services and modifications to the general education curriculum were not provided and return those children to regular classes with adequate support services and modifications.

s. An order extending the jurisdiction of the court to May 22, 2012 or to such other date as the orders of this court can reasonably be implemented.

t. An order awarding costs and attorneys' fees to Plaintiffs for all work done not compensated thus far under the Settlement Agreement.

WHEREFORE, Plaintiffs request that the Court order the Defendants to cooperate in Plaintiffs' discovery designed to assess the adequacy of the Defendants' oversight, monitoring and provision of technical assistance under the Settlement Agreement, schedule the completion of discovery and a trial on this motion; find that Defendants has not complied with the Settlement Agreement; and enter the remedial orders requested in paragraph 16 of this Motion.

PLAINTIFFS,

By_____
David C. Shaw, Esq.
The Law Offices of David C. Shaw, LLC
Fed. Bar No. ct05239
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
Tel. (860) 242-1238
Fax. (860) 242-1507
Email: dcshaw@cttel.net

By_____
Frank J. Laski, Esq.
Mental Health Legal Advisors Committee
Fed Bar No. ct 16180
399 Washington St., 4th Fl.
Boston, MA 02108
Tel. (617) 338-2345
Fax. (617) 338-2347
Email: flaski@mhlac.org

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed first class, postage prepaid to counsel of record on April 15, 2008.

Darren P. Cunningham
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141

_____
David C. Shaw, Esq.