UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| P.J., et al., | : | CIVIL NO. |
| Plaintiffs, | : | 291CV00180 (RNC) |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, et al. | : | |
| Defendants. | : | JULY 15, 2008 |

**MOTION FOR ORDERS
COMPELLING COMPLIANCE WITH DISCOVERY AND
COMPLIANCE WITH SETTLEMENT AGREEMENT**

The Plaintiffs move for and order compelling the Defendants to comply with Plaintiffs' Motion for Disclosure and Production dated June 12, 2008 (Exhibit A), to produce for deposition the individual or individuals described in the four Notices of Deposition dated June 12, 2008, attached as Exhibit B hereto, and to comply with the Plaintiffs' discovery requests contained in the letter from David Shaw, Esq. to Darren Cunningham, Esq., dated June 18, 2008 (Exhibit C). In support of this Motion the Plaintiffs represent the following:

1. The Settlement Agreement that resolved the issues raised in the complaint was approved and entered by the Court following an extensive trial, extensive settlement negotiations supervised by the Court, notice to class members of the proposed Settlement Agreement, a Fairness Hearing on May 22, 2002, and approval and adoption of the Settlement Agreement by the Court. [Doc. ## 462, 463].

2. Section III of that Settlement Agreement provides that the Court shall have jurisdiction to enforce the Settlement Agreement for five years from the date the Expert

Advisory Panel ("EAP") is empanelled pursuant to Section IX of the Settlement Agreement.

3. Section III provides further that the Court shall have jurisdiction to entertain Plaintiffs' motions for substantial non-compliance with the Settlement Agreement for a period of eight years from the empanelling of the Expert Advisory Panel ("EAP") pursuant to Section IX of that Agreement. The Settlement Agreement provides further that for a period of eight years beyond the empanelling of the EAP, the Court shall have jurisdiction to entertain motions for substantial non-compliance. *Id.*

4. The EAP was empanelled on August 13, 2002.

5. During the period August 13, 2002 through May 16, 2007, the Defendants prepared and submitted to the Court, the EAP and the Plaintiffs four annual reports and held periodic meetings with the EAP to discuss progress on the implementation of the Settlement Agreement.

6. The Plaintiffs prepared and submitted comments on each of these Annual Reports to the Defendants and the EAP.

7. The EAP also prepared and submitted reports to the Court on the progress that had been made toward implementing the Settlement Agreement.

8. The EAP's last report was submitted to the Court in February 2007.

9. In that Report, the EAP indicated that adequate progress had not been made on the five central goals of the Settlement Agreement, that the vast majority of local school districts, including virtually all of the suburban school districts, had not become involved in the implementation efforts, that the technical assistance and training required by the Settlement

Agreement had not been implemented, and that the significant and unexplained reduction in number of students with intellectual disabilities attending public schools makes any assertions of progress and proper identification of members of the class highly questionable. The EAP also indicated that continued external oversight of the CSDE efforts to implement the Settlement Agreement was essential given the fact that so little progress had been made.

10. The EAP was discharged by the Defendants on May 16, 2007 against the recommendation of the EAP and over the objections of the Plaintiffs.

11. Following the Defendants' unilateral decision to terminate the EAP, the Plaintiffs attempted to conduct discovery to assess Defendants' compliance with the Settlement Agreement. These efforts began in the fall of 2007.

12. The initial phase of that discovery involved Plaintiffs' experts visiting a sample of twenty school districts to review the programs and services class members were receiving in public schools. The Defendants agreed to an appropriate discovery order relating to sending experts to local school districts, stipulated to discovery orders necessary to complete this phase of discovery and cooperated in the implementation of those discovery orders.

13. In the fall of 2007, the Plaintiffs sought to continue their evaluation of Defendants' compliance with the Settlement Agreement by conducting an analysis of the oversight and monitoring CSDE has provided under the Settlement Agreement. In a letter dated November 5, 2007, the Plaintiffs requested that CSDE personnel and or contractors responsible for monitoring and oversight activities and development of technical assistance and training in local

school districts be made available for interviews with Plaintiffs' experts Mark Mlawer and Cheryl Jorgensen, Ph.D.  (Exhibit D.)

14.  On December 7, 2007, the Defendants indicated that they had no duty under the Settlement Agreement to make their employees and contractors available for interviews by Plaintiffs' experts and that CSDE would not comply with Plaintiffs' request.  (Exhibit E.)

15.  On April 15, 2008, the Plaintiffs filed a Motion for Orders To Remedy Substantial Non-Compliance With The Settlement Agreement pursuant to Section III of the Settlement Agreement.  [Doc. ## 549, 550].

16.  On June 2, 2008, following a status conference, the Court entered an Order that states in relevant part:

> [T]he parties shall confer in good faith in an effort to resolve any discovery issues.  After conferring in good faith, if outstanding discovery issues still exist, the plaintiffs shall file a motion in which they set forth with particularity each type of discovery sought and the authority for granting their discovery request.  Any such motion shall be filed on or before June 18, 2008.

*P.J. v. State of Connecticut,* Order of June 2, 2008.  [Doc. # 561].

17.  On June 12, 2008, the Plaintiffs served a Motion for Disclosure and Production (Exhibit A) and Notices of Deposition (Exhibit B) on the Defendants.  The dispositions were noticed to commence on July 3, 2008.

18.  On June 18, 2008, Plaintiffs' counsel wrote a letter to Defendants' counsel requesting the Defendants' cooperation in facilitation review by Plaintiffs' experts of a sample of class members who have been reclassified and not taken into account in Defendants' reports

4

of progress under the Settlement Agreement. (Exhibit C)

19. On June 27, 2008, the Court granted Plaintiffs' Motion for Enlargement of Time and extended the date by which Plaintiffs were required to file a motion setting forth with particularity each type of discovery sought and the authority for granting their discovery request until July 15, 2008. [Doc. # 565].

20. The Defendants failed to produce any CSDE employees in response to the depositions noticed by Plaintiffs.

21. On July 3, 2008, Defendants' counsel wrote a letter to Plaintiffs' counsel responding to Plaintiffs Discovery requests. (Exhibit F) In that letter Defendants took the position that they have no obligation to respond to Plaintiffs' discovery requests. However, Defendants indicated they would voluntarily provide sworn answers to Plaintiffs' request for interrogatories by July 18, 2008. In all other respects, Defendants refused to comply with Plaintiffs' discovery requests. *Id.*

22. The Plaintiffs assert in their Motion for Orders to Remedy Substantial Non-Compliance [Doc. ## 549, 550] that the Defendants have failed to comply with the Settlement Agreement in many respects, including, but not limited to the following: 1) they have failed to provide and update a list of class members; 2) they have failed to determine why the number of class members has been reduced by one-third, why nearly 600 students have drifted in and out of the class data base and why several hundred students have been reclassified and not accounted for by Defendants in assessing compliance; 3) they have failed to accurately assess

and report on the progress made in implementing the Settlement Agreement; 4) they have failed to develop a system of technical assistance and make the limited technical assistance activities that have been developed available to all local school districts; 5) they have failed to make adequate progress toward achieving the five central goals of the Agreement; 6) they have failed to adequately monitor and oversee the implementation efforts of local school districts; 7) they have failed to assess whether class members are placed in regular classes with adequate supplementary aids and services and modifications to the general education curriculum and take action to identify and address the needs of students with intellectual disabilities with wholly inadequate supplementary aids and services; 9) they have failed to make any meaningful effort to address the continued practice of assigning students with intellectual disabilities to segregated educational facilities; 10) they have failed to make sufficient documents and data available to Plaintiffs so that they can assess compliance and advocate for adequate remedial orders, and 11) they have dismissed and terminated the functions of the EAP without Plaintiffs' consent even though the Settlement Agreement contemplated ongoing oversight by the EAP.

23. Sections I.3 and III of the Settlement Agreement assign to the Plaintiffs the responsibility to represent the class and to monitor adequacy of the Defendants' efforts to implement the Settlement Agreement and the extent to which the Defendants are in compliance.

24. Defendants' position that it will not permit discovery deprives the class representatives of the information they need to fully assess compliance and present information to the Court as to whether the rights of class members under the Settlement Agreement have

been protected.

      WHEREFORE, the Plaintiffs request that the Court enter orders requiring the Defendants to 1) respond fully to Plaintiffs' Motion for Disclosure and Production dated June 12, 2008; 2) make their employees and contractors available for interviews with and produce documents and data to Plaintiffs' experts as requested on page 7 of Plaintiffs' Motion for Disclosure and Production; 3) produce their employees and contractors for depositions noticed by Plaintiffs as indicated in Exhibit B; and 4) cooperate fully with Plaintiffs' discovery request in their letter dated June 18, 2008 requesting the Defendants' cooperation in facilitation review by Plaintiffs' experts of a sample of class members who have been reclassified and exited from the class.

PLAINTIFFS,

By /s/ David C. Shaw
David C. Shaw, Esq.
The Law Offices of David C. Shaw, LLC
Fed. Bar No. ct05239
34 Jerome Ave., Suite 210
Bloomfield, CT 06002
Tel. (860) 242-1238
Fax. (860) 242-1507
Email: dcshaw@cttel.net

## CERTIFICATION

I hereby certify that on July 15, 2007 a copy of the foregoing Motion was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


Darren P. Cunningham
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, CT 06141


      /s/  David C. Shaw
David C. Shaw, Esq.