# EXHIBIT C

# THE LAW OFFICES OF DAVID C. SHAW, LLC
34 Jerome Ave., Suite 210
Bloomfield, Connecticut 06002

David C. Shaw
dcshaw@cttel.net

Telephone: (860) 242-1238
Facsimile:  (860) 242-1507
www.davidshawatty.com

June 18, 2008

Darren Cunningham, Esq.
Assistant Attorney General
State of Connecticut
P.O. Box 120
Hartford, Connecticut 06141

Re: *P.J. v. State of Connecticut*, No. 291CV00180(RNC)

Dear Darren:

    In addition to the depositions, expert visits and other discovery we requested on June 12, 2008, Plaintiffs believe it is necessary to conduct an expert review of class attrition including, but not limited to, a sample of class members who have been reclassified to other disabilities groups and not taken into account in CSDE's assessments of progress under the Settlement Agreement. We anticipate conducting these same expert reviews under the same conditions and procedures we agreed to for our recent expert visitations in local school districts.

    Please advise as to whether CSDE will have an objection to this discovery so that we can resolve all of your objections to our discovery requests at the same time. If CSDE has an objection, please indicate the basis for your objection.

    Thank you.

Sincerely,

David Shaw

cc. Frank Laski, Esq.

EXHIBIT D

# THE LAW OFFICES OF DAVID C. SHAW, LLC
34 Jerome Ave., Suite 210
Bloomfield, Connecticut 06002

David C. Shaw
dcshaw@cttel.net

Andrew A. Feinstein
feinsteinandrew@sbcglobal.net

Telephone: (860) 242-1238
Facsimile: (860) 242-1507
www.davidshawatty.com

November 5, 2007

<u>VIA FACSIMILE
AND FIRST CLASS MAIL</u>

Darren P. Cunningham
State of Connecticut
Assistant Attorney General
P.O. Box 120
Hartford, CT 06141 0120

      Re:  Case 2:91CV00180 (RNC)
           *P.J. v. State of Connecticut*

Dear Darren:

    I understand from Frank Laski that you raised the question of our authority to request interviews with CSDE personnel, contractors, school district personnel and parents. As Frank indicated to you during the telephone call, our authority comes from §§ I.3 and III.1 of the Settlement Agreement and from Rule 34 of the Federal Rules of Civil Procedure.

    With regard to the Settlement Agreement, it is beyond dispute that, as class representatives, we have the duty to vigorously represent the class and the right to obtain the information necessary to represent class members. In recognition of this fact, §I.3 of the Settlement Agreement provides that:

> [P]laintiffs shall have a right to collect data relating to the students number 2 [§ I.2] and to challenge the adequacy of that list. CSDE shall cooperate with the plaintiffs to gain access to data and files relating to class members, to the extent allowed by state and federal statute, for all purposes relating to the enforcement and implementation of this Agreement.

Settlement Agreement § I.3.

    Further, in recognition of the plaintiffs' role as class representatives, § III.1 provides that the "Defendants shall cooperate with the Plaintiffs' reasonable requests to provide existing data to enable Plaintiffs to assess compliance during the five-to-eight year period."

Darren Cunningham, Esq.
November 5, 2007
Page two

    We have indicated that two of our experts, Cheryl Jorgensen, Ph.D. and Mark Mlawer would like to review certain documents and conduct interviews with CSDE personnel, CSDE contractors, LEA personnel and parents so that the can assess the adequacy of CSDE oversight and monitoring and training and technical assistance under the Settlement Agreement. Dr. Jorgensen has indicated that she would like interviews with –

- CSDE personnel responsible for professional development and technical assistance under the Settlement Agreement,

- Any contractors or others hired by CSDE to provide professional development and technical assistance,

- Principals and Special Education Directors from a sample of LEAs

- Parents/guardians of a sample of students who are part of the Agreement.

    Mark Mlawer has asked for a list of all individuals who have participated in PJ monitoring activities, whether CSDE staff, staff or other agencies, contractors or parents.

    Anne Louise Thompson indicated during our conference call on November 2, 2007 that she would provide this information. Our experts indicated during the conference call that they could not possibly assess compliance by reviewing boxes of documents. They have indicated that interviews are necessary to assess the significance and meaning of documents produced by CSDE.

    Certainly we cannot "assess compliance" without having our experts talk with the CSDE officials providing monitoring and oversight of CSDE's efforts to implement the Settlement Agreement as well as the training and technical assistance CSDE and its contractors have provided under the Settlement Agreement. Our experts have determined that interviews with LEA personnel and parents of class members are necessary to fairly and thoroughly assess whether CSDE's monitoring, oversight, training and technical assistance have been and are compliant. Accordingly, our right to access data and files must include interviews with CSDE personnel, its contractors, LEA personnel and parents so that we can properly assess whether the CSDE's efforts have addressed the needs of the class with respect to implementation of the Settlement Agreement.

    Of course, the provisions of the settlement decree are an aid of and supplementary to discovery available to plaintiffs under the federal rules. While we believe that the Settlement Agreement provides the authority necessary for us to conduct these interviews, the Court can enter an order under Rule 34, Fed. R. Civ. P. I understand that you have not fully foreclosed the possibility that defendants will be able to accommodate our requests for interviews. We hope any concerns you have can be resolved as quickly as possible.

Darren P. Cunningham, Esq.
November 5, 2007
Page three

      We would appreciate your prompt response.

                                    Sincerely,

                                      David C. Shaw

DCS:cs
c: Frank J. Laski, Esq.

EXHIBIT E



RICHARD BLUMENTHAL
ATTORNEY GENERAL

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Tel: (860) 808-5210
Fax: (860) 808-5385

Office of The Attorney General
## State of Connecticut

December 7, 2007

<u>VIA FAX and First Class Mail</u>
David C. Shaw, Esq.
34 Jerome Avenue
Suite 210
Bloomfield, CT 06002-2463

RE:   *P.J. et al. v. State of Connecticut, et al.*

Dear David:

Thank you for your letter of November 5 in which you outline your authority to request interviews with "CSDE personnel, contractors, school district personnel and parents." I believe that you have cited two sources for your authority: (1) the Settlement Agreement between the parties, and (2) Federal Rule of Civil Procedure 34. For the reasons that follow, we believe that neither requires CSDE-mandated interviews.

We cannot agree that the Settlement Agreement requires CSDE to facilitate or require the interviews you have requested. The portions of the Settlement Agreement referred to by you require CSDE to cooperate with respect to "data and files" and to "provide existing data." At no point does the Settlement Agreement reference or contemplate interviews. While we can certainly see why you would like to perform interviews, it has long been the position of the Department of Education ("CSDE") that the Settlement Agreement provides a strict roadmap for the duties of the parties. Thus, CSDE is under no duty to require its personnel or that of its contractors to be interviewed by your experts. Also, the CSDE is under no duty to require that they compel school district personnel and parents to be interviewed.

Additionally, I would submit that any interviews with school personnel, as requested was already made available to you through the Stipulated Order dated February 28, 2007. Opportunities for contacting parents for purposes of interviewing were also provided under this order. This order allowed for as many school personnel and parents of the selected sample to be interviewed as your experts determined.

"During the site visits, the parties' experts or their designees shall be permitted, to review and copy (at no expense to the local school districts) class members' records and documents related to the program, have access to contact information of the sample's parents in order to request interviews, observe the child's special education program, interview teachers, administrators and other school personnel involved in the supervision or delivery of special education or related

David Shaw
December 7, 2007
Page 2

services to the class-member" (Stipulated Discovery Order, dated February 28, 2007, Section 2., page 2)

We also cannot agree with you that the "provisions of the settlement decree are an aid of and supplementary to discovery available to plaintiffs under the federal rules." It has long been the position of CSDE that the Settlement Agreement – a legally binding contract entered into by the parties – governs the conduct of the parties and that at this time the district court retains jurisdiction only with respect to "entertain[ing] Plaintiffs' motions for substantial non-compliance with [the Settlement] Agreement." Accordingly, by agreement of the parties as reflected in the Settlement Agreement the only matter on which the court continues to have jurisdiction is a motion for "substantial non-compliance." Not surprisingly then, we do not believe that the district court has jurisdiction to entertain any discovery requests you might make at this time and we would oppose any such efforts insofar as they relate to interviews.

Finally, we wish to note that irrespective of our duties under the Settlement Agreement we have considered your request. In the end, our decision to decline your request is informed greatly by the nature of that request. First of all, it would take a large amount of CSDE resources to compel and coordinate your requested interviews. CSDE believes that these resources are more properly directed toward the educational mission of the CSDE. Additionally (and distinctly), any interviews conducted by your experts would, by their very nature, be subject to later dispute about what was actually said to your expert by the interviewee. You state in your letter that these interviews will play a vital role in assessing CSDE compliance with the settlement agreement. Given the critical role you envision, we do not feel an interview format is appropriate. Thus, leaving aside the resources that would have to be dedicated to your request we do not feel it would be wise for CSDE to comply with your request.

> Very truly yours,
>
> *Darren P. Cunningham*
> Darren P. Cunningham
> Assistant Attorney General

Cc: Anne Louise Thompson

EXHIBIT F



RICHARD BLUMENTHAL
ATTORNEY GENERAL

Office of The Attorney General
**State of Connecticut**

55 Elm Street
P.O. Box 120
Hartford, CT 06141-0120

Tel: (860) 808-5210
Fax: (860) 808-5385

July 3, 2008

David C. Shaw, Esq.
The Law Offices of David C. Shaw, LLC
34 Jerome Avenue, Suite 210
Bloomfield, Connecticut 06002

RE: P.J. v. State of Connecticut, No.: 2:91CV00180 (RNC)

Dear David:

    As you know, the State Department of Education ("SDE") is in receipt of your various discovery requests. Specifically, we have received four notices of deposition, a set of sixteen interrogatories, a request for production/inspection, and a letter request for an "expert review of class attrition." Consistent with the instructions given by Judge Martinez during our telephonic conference held on May 28, 2008 as well as her subsequent order (Doc. #561) this letter shall serve as our first response to your various requests.

    At the outset, we wish to assure you that SDE has carefully considered your various requests in light of both our responsibilities as a public agency dedicated to the improvement of public education in the State of Connecticut as well as the governing settlement agreement dated February 28, 2002. With respect to the latter, SDE continues to believe that the governing Settlement Agreement does not require SDE provide you with discovery at this point in time. See Settlement Agreement ("[t]he jurisdiction of the Court for enforcement of this Agreement will end five (5) years from the empanelling of the Expert Advisory Panel (EAP) called for in section IX [of the Settlement Agreement], except that the Court, for a period of eight (8) years from empanelling of the EAP, shall have jurisdiction to entertain Plaintiffs' motions for substantial non-compliance with this Agreement"); see also Doc. # 541; letter to David Shaw from AAG Darren Cunningham dated December 7, 2007. Again, SDE has long held the view that the carefully constructed and negotiated Settlement Agreement provides a strict roadmap for the parties' obligations and that discovery requests are inappropriate at this time.

    Notwithstanding this view, SDE has decided to provide sworn answers to your request for interrogatories and will provide you with said answers no later than July 18, 2008. However, SDE wishes to make clear that such actions should in no way be construed as a waiver of our

David C. Shaw, Esq.
Page 2

position that discovery is not required at this juncture in the Settlement Agreement and that the court lacks jurisdiction to compel discovery.

With respect to your other requests, SDE respectfully declines. In addition to the jurisdictional reasons detailed above, SDE does not believe it prudent to dedicate precious resources to coordinating and complying with your various requests. Also, as previously stated, SDE believes that any interviews conducted by your experts would, by their very nature, be subject to later dispute about what was actually said to your expert by the interviewee.

Please do not hesitate to contact me should you have any questions. The court's order as well as the applicable rules of discovery dictate that we confer in good faith. Should you see room for further discussion or agreement we are, of course, open to such discussions.

Very truly yours,

Darren P. Cunningham
Assistant Attorney General

DPC:lm

cc: Anne Louise Thompson, SDE
    Lynn Toper, SDE