UNITED STATE DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| P.J., et al., | : | CIVIL NO. |
| Plaintiffs, | : | 291CV00180(RNC) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, et al. | : | |
| *Defendant* | : | July 18, 2008 |

**DEFENDANT'S RESPONSES TO PLAINTIFF'S MOTION
FOR DISCLOSURE AND PRODUCTION DATED JUNE 12, 2008**

The defendants are requested to respond to the following discovery requests, under oath, pursuant to Rules 33 and 34, Fed. R. Civ. P. and Rules 33 and 34 of the Rules of the United States District Court for the District of Connecticut.

**INTRODUCTION**

Defendants, State of Connecticut et al, ("Defendants") hereby object and respond to "Plaintiff's Motion for Disclosure and Production Dated June 12, 2008." Defendants reserve their right to object to the admission in evidence of any and all of the information produced herein on any ground. Defendants answers are based upon information acquired through July 18, 2008. Accordingly, defendants responses are subject to change as defendants acquire additional information and complete their review and analysis of information obtained.

To respond to Plaintiff's requests the Defendants have caused inquiry to be made of certain of its employees for all information as is reasonably likely to be responsive to Plaintiff's requests.

1

Finally, Defendants decision to respond to Plaintiffs' request should in no way be construed as an admission that Plaintiffs are permitted discovery at this time.

### INTERROGATORIES:

1. Identify the person or persons most knowledgeable about the efforts the Defendants have made to prepare a list of public school students in Connecticut who on or after December 2, 1999 carried the label of either mental retardation or intellectual disability and who are eligible for special education. Settlement Agreement Section I.3.

   **ANSWER:** Deborah Richards
   Heather Levitt Doucette

2. Identify the person or persons most knowledgeable about the efforts the Defendants have made to update a list of public school students in Connecticut who on or after December 2, 1999 carried the label of either mental retardation or intellectual disability and who are eligible for special education. Settlement Agreement Section I.3.

   **ANSWER:** Deborah Richards
   Heather Levitt Doucette

3. Identify the person or persons most knowledgeable about the CSDE's efforts and progress that has been achieved relating to Goal #1 of Section II of the Settlement Agreement.

   **ANSWER:** Anne Louise Thompson
   Lynn Toper
   Brian Cunnane
   Perri Murdica
   Heather Levitt Doucette
   Sarah Barzee
   Kim Mearman

2

4. Identify the person or persons most knowledgeable about the CSDE's efforts and progress that has been achieved relating to Goal #2 of Section II of the Settlement Agreement.

    **ANSWER:** Anne Louise Thompson
Diane Murphy
Heather Levitt Doucette
Nancy Cappello
Sarah Barzee

5. Identify the person or persons most knowledgeable about the CSDE's efforts and progress that has been achieved relating to Goal #3 of Section II of the Settlement Agreement.

    **ANSWER:** Anne Louise Thompson
Lynn Toper
Brian Cunnane
Perri Murdica
Heather Levitt Doucette
Sarah Barzee
Kim Mearman

6. Identify the person or persons most knowledgeable about the CSDE's efforts and progress that has been achieved relating to Goal #4 of Section II of the Settlement Agreement.

    **ANSWER:** Anne Louise Thompson
Lynn Toper
Brian Cunnane
Perri Murdica
Heather Levitt Doucette

7. Identify the person or persons most knowledgeable about the CSDE's efforts and progress that has been achieved relating to Goal #5 of Section II of the Settlement Agreement.

    **ANSWER:** Anne Louise Thompson
Heather Levitt Doucette
Sarah Barzee

8.  Identify the person or persons most knowledgeable about whether the progress on Goals #1 and #4 of the Settlement Agreement constitute "meaningful continuous improvement".

**ANSWER:**   Heather Levitt Doucette

9.  Identify the person or persons most knowledgeable about whether the progress on Goals #2, #3 and #5 of the Settlement Agreement constitute "continuous improvement".

**ANSWER:**   Heather Levitt Doucette

10. Identify the person or persons most knowledgeable about the efforts CSDE have made to establish a monitoring system to collect, analyze, and use quantitative and qualitative information and data to identify problems and provide consistent feedback to all LEAs on their performance in achieving the five stated goals of the Settlement Agreement. Settlement Agreement Section V.1.

**ANSWER:**   Anne Louise Thompson
Deborah Richards
Lynn Toper
Brian Cunnane
Perri Murdica
Heather Levitt Doucette
Sarah Barzee
Kim Mearman

11. Identify the person or persons most knowledgeable about the efforts CSDE has made to monitor the participation and progress of students with mental retardation or intellectual disability in the general curriculum, use of out-of-district placements, and use of, promising practices with respect to the education of class members with non-disabled students. Settlement Agreement Section V.2.

**ANSWER:** Anne Louise Thompson
Deborah Richards
Lynn Toper
Brian Cunnane
Perri Murdica
Sarah Barzee
Kim Mearman

12. Identify the person or persons most knowledgeable about the efforts CSDE has made to monitor the availability of supplementary aids and services to support the regular class placements of students with intellectual disabilities or mental retardation. Settlement Agreement Section V.2.

**ANSWER:** Anne Louise Thompson
Deborah Richards
Lynn Toper
Brian Cunnane
Perri Murdica
Sarah Barzee
Kim Mearman

13. Identify the person or persons most knowledgeable about the focused monitoring that has been instituted for Districts that have not made continuous improvement pursuant to Section V.3 of the Settlement Agreement.

**ANSWER:** Anne Louise Thompson
Deborah Richards
Lynn Toper
Brian Cunnane
Perri Murdica

14. Identify the person or persons most knowledgeable about the efforts CSDE has made to design and implement a system of technical assistance that is available to all school districts to enable them to extend and improve education in regular classes for students with mental retardation or intellectual disability. Settlement Agreement Section VI.1.

ANSWER:  Anne Louise Thompson
Deborah Richards
Sarah Barzee
Kim Mearman
Frances Stetson
Kathy Whitbread
Sharon Golder
Joan Nicoll-Senft

15. Identify the person or persons most knowledgeable about the efforts CSDE has made to provide, as a component of technical assistance, a sufficient number of qualified specialists to assist LEAs in carrying out their training, supervision and support responsibilities specified in the Settlement Agreement. Settlement Agreement Section VI.1.

ANSWER:  Anne Louise Thompson
Sarah Barzee
Kim Mearman
Cathy Wagner
Kathy Whitbread
Sharon Golder
Joan Nicoll-Senft

16. Identify the person or persons most knowledgeable about the efforts CSDE has made to provide training programs to enable parents of class members to effectively advocate for the education of their disabled children in the least restrictive environment. Settlement Agreement Section VII.

ANSWER:  Deborah Richards
Nancy Prescott

**REQUESTS FOR PRODUCTION/INSPECTION:**

1. The Plaintiffs request, pursuant to Rules 26(b)(1) and 34, Fed. R. Civ. P. and Sections I and III of the Settlement Agreement, to have their experts, Cheryl Jorgensen and Mark Mlawer,

visit Connecticut and interview the employees of the Defendants, contractors of the Defendants and agencies that have been requested to help with the implementation of the Settlement Agreement and are identifies in response to Interrogatories ##1-16 above to assess the adequacy of the oversight and monitoring of local school districts undertaken by Defendants under the Settlement Agreement.

In the course of their visits these experts will interview the person identified in response to Interrogatories ##1-6. They will also review and request copies of Defendants' documents and/or data relating to the implementation of the Settlement Agreement. Interviews will also be conducted with class members and their families and/or guardians provided they consent to such interviews.

**OBJECTION:**

As explained more fully in a letter from Assistant Attorney General Darren Cunningham to Plaintiffs' Attorney David Shaw dated July 3, 2008, Defendants respectfully decline to comply with this request.

### OATH

I, ANNE LOUISE THOMPSON, hereby certify that I have reviewed the "Plaintiff's Motion for Disclosure and Production" dated June 12, 2008 and the responses, including all answers and objections, contained above and that they are true and accurate to the best of my knowledge and belief.

*Anne Louise Thompson*

Subscribed and sworn to me before this 18th day of July, 2008.

THE DEFENDANT
STATE OF CONNECTICUT

*Theresa C. DeFrancis*
Theresa C. DeFrancis
Commissioner of the Superior Court

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 18th day of July, 2008, first class postage prepaid to:

David Shaw, Esq
34 Jerome Ave.
Suite 210
Bloomfield, CT 06002-2463

_____
Darren P. Cunningham
Assistant Attorney General