```
             UNITED STATES DISTRICT COURT
               DISTRICT OF CONNECTICUT


P.J., et al.,                  :

V.                             :        CASE NO. 2:91-CV-180(RNC)

STATE OF CONNECTICUT, et al.,  :
```

## RULING AND ORDER

Magistrate Judge Martinez has issued a recommended ruling (ECF No. 708) on the plaintiffs' motion for an award of costs and attorneys' fees (ECF No. 684) recommending that the motion be granted insofar as it seeks a determination that an award of additional costs and fees is not barred by the Settlement Agreement or applicable law.  See Recommended Ruling at 20-21.  The recommended ruling states that further briefing will be required before a determination can be made as to whether the costs and fees plaintiffs seek are properly compensable.  Id. at 22.  The State defendants have filed an objection (ECF No. 716) arguing principally that (1) the Court lacks jurisdiction to consider the plaintiffs' motion, (2) the Settlement Agreement bars the plaintiffs from seeking additional costs and fees in the absence of a finding of substantial noncompliance; and (3) permitting the

plaintiffs to recover additional costs and fees in the absence of such a finding would be contrary to the holding in Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001).  The plaintiffs have filed an extensive brief in opposition to the objection (ECF No. 736) to which the State defendants have replied (ECF No. 755), making the matter ripe for review.  After de novo review, I conclude that the recommended ruling should be approved and adopted for substantially the reasons stated by Judge Martinez.

### The Court Has Jurisdiction To Consider The Motion

In entering into the Settlement Agreement, the State defendants submitted to the Court's jurisdiction for a period of approximately eight years.  The State defendants contend that the Court lacks jurisdiction to consider the plaintiffs' motion due to the expiration of this period.  Judge Martinez concluded that "expiration of the settlement agreement does not divest the court of jurisdiction over plaintiffs' pending motion."  Recommended Ruling at 10 (citing Nix v. Billington, 448 F.3d 411, 416 (D.C. Cir. 2006) and Thomason v. Russell Corp., 132 F.3d 632, 634 (11th Cir. 1998)).  I agree.  The Second Circuit has held that

"[w]henever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction after dismissal to adjudicate collateral matters such as attorney's fees." Tancredi v. Metro. Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004) (citing In re Austrian & German Bank Holocaust Litig., 317 F.3d 91, 98 (2d Cir. 2003); Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 398 (1990)); see also Valley Disposal, Inc. v. Cent. Vt. Solid Waste Mgmt. Dist., 71 F.3d 1053, 1057 (2d Cir. 1995).[1]

### The Settlement Agreement Does Not Bar The Motion

The State defendants contend that the Settlement Agreement makes an award of additional costs and fees contingent on a finding of substantial noncompliance. Because the plaintiffs' motion seeking a finding of substantial noncompliance (ECF No. 580) was unsuccessful (see ECF No. 706), the State defendants urge that the plaintiffs cannot obtain an award of costs and fees. Judge

---

[1] The State defendants argue that the plaintiffs' motion for costs and fees should be denied on procedural grounds because the plaintiffs did not seek leave to file the motion as required by an order entered by Judge Martinez with regard to a previous motion for costs and fees (ECF No. 530). In the recommended ruling, Judge Martinez states that even if the plaintiffs filed the current motion without first seeking leave to do so, this "omission would not warrant denial of the motion." Recommended Ruling at 11. I agree.

Martinez concluded that the terms of the Settlement Agreement do not preclude an award of additional costs and fees in the absence of a finding of substantial noncompliance.  I agree.

The State defendants contend that the "side letter" regarding Section X (ECF No. 690 Ex. T), especially the first sentence, makes it clear that an award of costs and fees is contingent on a finding of substantial noncompliance.  Judge Martinez found that the "side letter," read in its entirety and in context, permits the plaintiffs to obtain additional costs and fees to the extent allowed by controlling law.  <u>See</u> Recommended Ruling at 16.  I agree.

The State defendants point to evidence showing that they did not want to be in the position of having to pay additional costs and fees in the absence of a finding of substantial noncompliance, including a strongly worded letter their counsel submitted to Judge Martinez approximately eight months before the parties reached agreement on the "side letter".[2]  But the "side letter"

---

[2] The State defendants point to a letter to Judge Martinez dated June 18, 2001, in which Assistant Attorney General Ralph E. Urban wrote: "What CSDE fears is that the State will suffer a repeat of what it experienced with Attorney Shaw with the Mansfield consent decree, wherein every time Mr. Shaw spoke with, consulted with or represented a class member in almost any

itself does not contain language unambiguously precluding an award of costs or fees in the absence of a finding of substantial mnoncompliance, as the plaintiffs correctly point out.  See Pls.' Br. in Opp'n at 55.  Moreover, the plaintiffs point to evidence showing that they wanted to be able to seek an award of additional costs and fees, including a letter their counsel sent to counsel for the State defendants proposing language to this effect.  ECF No. 690-13 at 5.  While the State defendants refused to agree to the proposed language, they did express a willingness to agree to pay plaintiffs' counsel for a period of five years an amount not to exceed $10,000 per year "for time expended monitoring the state defendants' compliance with the proposed agreement . . . ."  Id. at 10.  Taken as a whole, the record supports the conclusion that the Settlement Agreement does not bar the plaintiffs from recovering additional costs and fees to the extent allowed by

---

capacity or forum he sought to charge to the State under the consent decree, as work reasonably necessary in furtherance of the decree, with the result that the State was constantly in court to try to refute the charges and explain that the work was not reasonably necessary in furtherance of the decree."  ECF No. 690-13 at 3.

5

controlling law.[3]

<u>An Award of Costs and Fees Is Not Barred By Law</u>

The State defendants argue that permitting the plaintiffs to recover additional costs and attorneys' fees in the absence of a finding of substantial noncompliance would be contrary to the holding in <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598 (2001).  In <u>Buckhannon</u>, the Supreme Court held that in order to be a "prevailing party" entitled to attorneys' fees under a fee-shifting statute, a party must "receive some relief on the merits" that achieves a "material alteration of the legal relationship of the parties" through a favorable judgment or a "settlement agreement enforced through a consent decree."  <u>Id.</u> at 603-04.  The State defendants urge that <u>Buckhannon</u> overruled <u>Pennsylvania v. Delaware Valley Citizens' Counsel for Clean Air</u>, 478 U.S. 546, 559 (1986), which held that post-judgment monitoring of a consent decree is compensable.  <u>Id.</u>  In support of its position, the State points to <u>Alliance to End Repression v.</u>

---

[3] The State defendants assert that permitting the plaintiffs to recover additional costs and fees would violate Conn. Gen. Stat. § 3-125a.  I disagree with this assertion for substantially the reasons stated by the plaintiffs.  <u>See</u> Pls.' Br. in Opp'n at 57.

City of Chicago, 356 F.3d 767 (7th Cir. 2004), which held that while "monitor[ing] compliance with [a] consent decree . . . may reduce the incidence of violations of a decree, . . . if it does not produce a judgment or order, then under the rule of Buckhannon it is not compensable." Id. at 771.

Judge Martinez noted the Alliance case in the recommended ruling but relied on other Circuit cases in concluding that the holding of Delaware Valley survives Buckhannon. See Balla v. Idaho, 677 F.3d 910, 916 (9th Cir. 2012); Johnson v. City of Tulsa, 489 F.3d 1089, 1108 (10th Cir. 2007); Cody v. Hillard, 304 F.3d 767, 773 (8th Cir. 2002). Under these cases, costs and fees for monitoring activities are recoverable if they were reasonably incurred and useful in ensuring that the decree was honored even though no additional court-ordered relief was obtained. I think this standard is more consistent with Delaware Valley and Buckhannon than a categorical rule precluding a fee award for monitoring activities unless they lead to a court order providing additional relief.

Alliance is distinguishable in any event because the consent decree in that case "did not . . . vest monitoring or other responsibilities in the plaintiffs or their

lawyers."  356 F.3d at 768.  Here, as detailed in the recommended ruling, the Settlement Agreement anticipated that the plaintiffs would be involved in monitoring and enforcement activities.  <u>See</u> Recommended Ruling at 3-4.  The State defendants argue that the plaintiffs' involvement in these activities was attenuated due to the role of the Expert Advisory Panel under the Settlement Agreement.  But the Agreement required the parties to establish and work collaboratively with the EAP.  Moreover, the Agreement provided that the plaintiffs would have access to information needed to engage in monitoring and enforcement activities on their own.

<u>Conclusion</u>

Accordingly, the recommended ruling (ECF No. 708) is hereby approved and adopted.  The plaintiffs' motion for an award of costs and attorneys' fees (ECF No. 684) is granted in part insofar as it seeks a determination that an award of costs and fees is not barred by the Settlement Agreement or applicable law.

The Court notes that the plaintiffs have filed two supplemental motions relating to their request for costs and attorneys' fees (ECF Nos. 701, 702) and the State defendants

have filed motions for extensions of time to respond (ECF Nos. 703, 704).  The plaintiffs' supplemental motions are hereby denied without prejudice.  The plaintiffs are directed to file on or before May 1, 2013, a new motion for costs and attorneys' fees that sets forth all the relief they seek.  The defendants' motions for extensions of time are hereby denied as moot.  The defendants will respond to the plaintiffs' new motion on or before June 3, 2013.

    So ordered this 14th day of March 2013.

                                                /s/RNC  
                                           Robert N. Chatigny  
                                    United States District Judge