UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

P.J., et al.,

Plaintiffs,

v. : CASE NO. 2:91cv180(RNC)

STATE OF CONNECTICUT, et al.,

Defendants.

RECOMMENDED RULING ON PLAINTIFFS' MOTION TO REVIEW TAXATION OF COSTS

The plaintiffs seek a court order relieving them from paying costs of $6035.07 taxed against them pursuant to Fed. R. Civ. P. 54(d). (Doc. #800.)

The parties settled this class action alleging violation of the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. Plaintiffs subsequently filed a motion asserting that the defendants were in substantial noncompliance with the court-ordered settlement agreement. (Doc. #580.) Defendants prevailed after an evidentiary hearing. The plaintiffs filed an appeal and the Second Circuit affirmed the district court's ruling denying plaintiffs' motion. The defendants then filed a Bill of Costs in the amount of $6085.07. (Doc. #795.) Plaintiffs objected. (Doc. #796.) The Clerk of the Court entered an order allowing costs in the amount of $6035.07. (Doc. #799.) Pending before the court is the plaintiffs' "Motion to Review Taxation of Costs" in which they seek

an order that costs not be taxed against them.[1] (Doc. #800.) For the reasons that follow, the motion should be denied.[2]

Costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d)(1) codifies a venerable presumption that prevailing parties are entitled to costs." Marx v. Gen. Revenue Corp., __U.S. __, 133 S.Ct. 1166, 1172 (2013). See Mercy v. County of Suffolk, 748 F.2d 52, 54 (2d Cir. 1984)(an award of costs "against the losing party is the normal rule obtaining in civil litigation, not an exception"). The losing party bears the burden of showing that an award of costs would be inequitable under the circumstances. 10 James Wm. Moore et al., Moore's Federal Practice § 54.101[1][b] (3rd ed. 2015). See Altvater Gessler-J.A. Baczewski Int'l (USA) Inc. v. Sobieski Destylarnia S.A., No. 06 Civ. 6510(HB), 2011 WL 2893087, at *6 (S.D.N.Y. July 14, 2011)("Due to the strong presumption that costs are awarded to the prevailing party, the losing party bears the burden of convincing the district court to exercise its discretion in denying an award of costs.") The court may deny costs "because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources."

---

[1]The plaintiffs do not dispute that defendants are prevailing parties entitled to costs or argue that the costs awarded were unreasonably incurred.

[2]U.S. District Judge Robert N. Chatigny referred the motion to the undersigned for a recommended ruling. (Doc. #801.)

Whitfield v. Scully, 241 F.3d 264, 270 (2d Cir. 2001). "[I]ndigency per se does not automatically preclude an award of costs." Id. "[T]he decision whether to award costs ultimately lies within the sound discretion of the district court." Marx, 133 S. Ct. at 1172. The Second Circuit has described the exercise of discretion with respect to costs as "equitable in nature." Moore v. Cnty. of Delaware, 586 F.3d 219, 221 (2d Cir. 2009).

Plaintiffs argue that it is "inequitable and unduly burdensome" to tax costs against either the individual plaintiffs or one of the plaintiff organizations, The Arc Connecticut ("Arc"), a nonprofit. They say that the individually named plaintiffs are disabled and have not participated in the litigation since their claims were resolved in 1992. (Doc. #800 at 3.) Arc has a budget deficit and "inadequate income" to pay the costs at issue. (Doc. #800 at 4.) The plaintiffs further argue that the "public importance" and complexity of this case weigh in favor of their request. (Doc. #800 at 4.)

The plaintiffs bear a heavy burden of overcoming the presumption in favor of awarding costs. The Second Circuit has stated that financial hardship is an insufficient basis upon which to overcome the presumption in favor of awarding costs to a prevailing party. See, e.g., Javier v. Deringer-Ney Inc., 501 F. App'x 44, 46 (2d Cir. 2012) ("indigence does not warrant departure from the usual practice of awarding costs"). With regard to

plaintiffs' argument as to the public importance of the case, the court acknowledges that this lawsuit involved difficult and complicated questions of public importance. That said, a review of cases in this circuit demonstrates that courts "rarely decline to award a prevailing defendant any costs at all because of the public importance of a plaintiff's claims." Caronia v. Philip Morris USA, Inc., No. 06CV224(ERK)(SMG), 2014 WL 4639184, at *1 (E.D.N.Y. Sept. 16, 2014). See Amash v. Home Depot U.S.A., Inc., No. 1:12CV837, 2015 WL 4642944, at *4 (N.D.N.Y. Aug. 4, 2015) (that the case concerned "a statute of public importance - does not mean a fortiori that costs cannot be assessed against Plaintiffs . . . . To hold otherwise would be to insulate . . . every plaintiff under every statute designed to protect an interest of public importance from the 'venerable presumption' that prevailing parties are entitled to costs under Federal Rule of Civil Procedure 54(d)(1)"); Vermont Right to Life Comm., Inc. v. Sorrell, No. 2:09CV188, 2015 WL 1481619, at *1 (D. Vt. Mar. 31, 2015)(finding that although litigation presented questions of public importance, "the equities do not support departing from the usual rule and denying an award of costs to the prevailing party"); Spector v. Bd. of Trustees of Cmty-Tech. Colleges, No. 3:06CV129(JCH), 2009 WL 2913079, at *1 (D. Conn. Sept. 9, 2009)("there is no exception to Rule 54(d) for civil rights plaintiffs"); Wray v. City of New York, No. 01CV4837, 2007 WL 2908066, at *1 (E.D.N.Y. Oct. 4, 2007) ("Nor does the concern

about the deterrent effect that a costs award might have on commencing civil rights actions justify the disallowance of costs. . . . Congress has not sought to exclude civil rights cases from the reach of Rule 54(d)(1)").

After a careful review of relevant case law, I cannot conclude that plaintiffs have met their difficult burden of overcoming the strong presumption in favor of awarding costs. Their request that the court deny defendants an award of costs should be denied.

Any party may seek the district court's review of this recommended ruling. See 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(d) & 72; Rule 72.2 of the Local Rule for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992) (failure to file timely objections to Magistrate Judge's recommended ruling waives further review of the ruling).

Dated this 31st day of March, 2016 at Hartford, Connecticut.

___________/s/________________
Donna F. Martinez
United States Magistrate Judge