UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

P.J., et al.,                      :
                                   :
    Plaintiffs                     :
                                   :
v.                                 :    Case No. 2:91-cv-0180 (RNC)
                                   :
State of Connecticut,              :
et al.,                            :
                                   :
    Defendants                     :

RULING AND ORDER

Pending are plaintiffs' motions relating to attorneys' fees and costs (ECF Nos. 758, 786, 793, 800). Judge Martinez has issued recommended rulings (ECF Nos. 803, 804) and the parties have filed objections. After fully considering the recommended rulings and objections, I act on the recommended rulings as follows.

**Recommended Ruling On Plaintiffs' Motions For Attorneys' Fees and Costs (ECF No. 803): approved and adopted except as set forth below.**

Negotiating Pre-settlement Claim (11/29/00-03/20/02)

Plaintiffs have requested compensation for time counsel expended before the settlement agreement was executed in March 2002. Judge Martinez recommends that no fees be awarded for any of this work because the settlement agreement plainly entitled plaintiffs to no more than $675,000.

There is no evidence the parties intended plaintiffs to recover more than $675,000 for work done before November 28, 2000. Shaw Decl. (ECF No. 758-2) ¶ 6; Ex. C (ECF No. 690-4) at 2 (letter from David Shaw to defendants' counsel detailing fees incurred as of November 28, 2000). I also agree that plaintiffs are not entitled to additional fees for time spent finalizing the settlement in December 2000, March 2001 and May 2001. The need

1

to do this work was reasonably foreseeable to plaintiffs when they agreed to the sum of $675,000.

However, I disagree that the terms of the settlement agreement preclude plaintiffs from obtaining fees for time reasonably billed as a result of defendants' unilateral insertion of Section X in the settlement agreement submitted to the Legislature, which limited plaintiffs to "a one-time payment of $675,000 in attorneys' fees and costs." RR (ECF No. 803) at 17. The relevant time period is from June 8, 2001, when plaintiffs learned of the submission to the Legislature, to March 21, 2002, when the parties signed the agreement. Defendants' unilateral action put the plaintiffs in the position of having to either accept a deal to which they had not agreed, or reopening negotiations. I conclude that fees are recoverable for time reasonably spent negotiating the side letter to Section X.

Accordingly, I find that time spent from June 8, 2001 until March 28, 2002 is compensable as follows: 92.2 hours for Attorney Shaw, and 19.9 hours for Attorney Laski.

Monitoring Implementation Of Settlement Agreement (8/15/02-04/22/13)

*Preparation for and Attendance at EAP meetings*

I conclude that a further reduction from 210.6 hours to 182 hours is appropriate.

*Motions for Substantial Noncompliance and Evidentiary Hearing*

I agree with plaintiffs that their request for an evidentiary hearing was reasonably necessary to protect the rights of the class members. However, the total number of hours for which fees are requested (609.5 for Attorney Shaw and 249.5 for Attorney Laski) are excessive even for a matter of this importance to the class and must be further reduced in view of the lack of success as follows: Attorney Shaw: 160 hours; Attorney Laski: 80 hours.

**Recommended Ruling On Plaintiffs' Motion to Review Taxation of Cost (ECF No. 804): approved and adopted in full.**

Accordingly, plaintiffs' motions for fees (ECF Nos. 758, 786 and 793) are granted in part and their motion that costs not be taxed (ECF No. 800) is denied.

So ordered this 30th day of September 2017.

_____/s/ RNC_____
Robert N. Chatigny
United States District Judge