UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

P.J., et al.,                        :
                                     :
          Plaintiffs,                :
                                     :
v.                                   :    CASE NO. 2:91-cv-180(RNC)
                                     :
STATE OF CONNECTICUT, et al.,        :
                                     :
          Defendants.                :

RULING AND ORDER

Pending in this class action under the Individuals with
Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq.,
is plaintiffs' motion for an award of attorneys' fees.
Familiarity with the factual background and procedural history
of the case is assumed.

I.

The IDEA requires state and local educational agencies
receiving federal financial assistance to "establish and
maintain procedures . . . to ensure that children with
disabilities and their parents are guaranteed procedural
safeguards with respect to the provision of a free appropriate
public education by such agencies."  20 U.S.C. § 1415(a).  These
include an opportunity for an impartial due process hearing
before a neutral officer followed by an administrative appeal.
"Any party aggrieved" by the final administrative decision has a
right to bring a civil action in district court without regard

to the amount in controversy.  Id. § 1415(g)(1).  "In any [such] action . . . , the court, in its discretion, may award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability."  Id. § 1415(i)(3)(B)(i).  "A plaintiff's recovery of attorneys' fees for work done in connection with [a] fee application is appropriate."  R.N. v. Suffield Bd. Of Educ., 194 F.R.D. 49, 53 (D. Conn. 2000) (citing Gagne v. Maher, 594 F.2d 336, 343 (2d Cir. 1979), aff'd 448 U.S. 122 (1980)).  The amount of fees awarded to a prevailing party must be reduced if the court finds that "the time spent and legal services furnished were excessive considering the nature of the action or proceeding."  20 U.S.C. § 1415 (i)(3)(F)(iii).[1]

The IDEA is designed to facilitate settlements of disputes arising under the statute.  Attorneys' fees may not be awarded to a parent "in any action . . . under [§ 1415] for services performed subsequent to the time of a written offer of settlement to a parent if (I) the offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure . . . ; (II) the offer is not accepted within 10 days; and (III)

---

[1] Attorneys' fees may also be awarded under the IDEA to a state or local educational agency "against the attorney of a parent who files a . . . cause of action that is frivolous, unreasonable or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable or without foundation."  Id. § 1415(i)(3)(B)(i)(II).

the court . . . finds that the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement."  Id. § 1415(i)(3)(D)(i).  Notwithstanding this limitation, "an award of attorneys' fees . . . may be made to a parent who is the prevailing party and who was substantially justified in rejecting the settlement offer."  Id. § 1415(i)(3)(E).

## II.

Plaintiffs brought this action under the IDEA on behalf of children with disabilities claiming that Connecticut had to do more to comply with its legal obligations to provide them with educational opportunities in regular classrooms with nondisabled peers.  The case was certified as a class action on behalf of all similarly situated children in the state, and several nonprofit organizations with an interest in the subject matter were permitted to intervene as additional plaintiffs.

In due course a settlement agreement was negotiated by the parties with the assistance of Magistrate Judge Martinez.  With regard to attorneys' fees, the agreement provided that plaintiffs would recover a "one time payment" of $675,000.  The agreement was then implemented leading to significant benefits for members of the class.

Years later, plaintiffs moved for a fee award of an additional $1,474,000.  This request was based primarily on

3

services rendered by plaintiffs' counsel in connection with (1) monitoring defendants' implementation of the settlement agreement; and (2) seeking to extend the Court's jurisdiction beyond the end date in the settlement agreement due to defendants' alleged failure to substantially comply with their obligations under the agreement.  Defendants argued in opposition that plaintiffs were entitled to no fees beyond the "one time payment" provided by the agreement itself and, even assuming additional fees could be awarded, plaintiffs' request was clearly excessive.

Judge Martinez recommended that plaintiffs' motion be granted in the amount of $325,125.57.  The recommended ruling did not award fees for the motion alleging substantial noncompliance and a related evidentiary hearing because the motion was unsuccessful.

Defendants then made an offer to settle the fee dispute for $375,000.  Plaintiffs did not accept the offer.

On September 30, 2017, I adopted the recommended ruling in part and ordered that plaintiffs receive $470,727.57.  The increased amount provided partial compensation for services rendered in connection with the motion alleging substantial noncompliance and the related evidentiary hearing.  Defendants appealed.

On July 25, 2019, the Second Circuit affirmed the order in part and remanded for further proceedings.  P.J. by & through W.J. v. Conn. St. Bd. of Educ., 931 F.3d 156 (2d Cir. 2019).  In its decision, the Court ruled that, although plaintiffs could recover fees related to monitoring, they could not recover fees related to the unsuccessful motion alleging substantial noncompliance.

                              III.

My previous order awarding attorneys' fees in the amount of $470,727.57 encompassed work performed by plaintiffs' counsel subsequent to the execution of the Settlement Agreement in the following eight categories: "(1) negotiating the pre-settlement claim; (2) reviewing and responding to annual reports; (3) preparing for and attendance at EAP [Expert Advisory Panel] meetings; (4) class list and related motions; (5) communication; (6) motions for substantial noncompliance and an evidentiary hearing; (7) litigating attorneys' fees; and (8) empaneling the EAP."  931 F.3d at 169-70.  As a result of the Second Circuit's decision on the appeal of that order, the parties' fee dispute with regard to these categories was fully resolved except as to category 4.[2]

---

[2] On the appeal, the fee award with regard to categories 1 and 6 was vacated on the ground that no fees could be awarded for work encompassed by these categories; the award with regard to categories 2 and 3 was affirmed; and the award with regard to categories 5, 7, and 8 was not disturbed because defendants made no argument as to those categories.  See 931 F.3d at 170-73.

With regard to this category, the previous order awarded fees for 57.2 hours spent (1) obtaining information about the class list and (2) filing a motion to require defendants to provide and update the list.  The Court of Appeals vacated the award insofar as it included hours related to the motion and directed that those hours be disallowed.  931 F.3d at 172. Given that directive, plaintiffs have reduced the number of hours for which they seek compensation to 22.6 hours. Defendants do not dispute that this number of hours is compensable in accordance with the decision of the Court of Appeals.

Accordingly, for work performed in the eight categories encompassed by the previous order, including category 4, plaintiffs' counsel are entitled to a fee award in the agreed upon amount of $296,712.57.  The parties agree that this amount should be offset by $6,035.07, the amount of unpaid costs previously taxed against plaintiffs.  This yields a balance of $290,677.50.

IV.

What remains to be adjudicated is plaintiffs' request for an additional fee award for services performed in connection with (1) their objection to Judge Martinez's recommended ruling and (2) the appeal to the Second Circuit.  Also pending for decision is plaintiffs' request for an award of interest.

6

The following issues are presented:

(1)   whether plaintiffs are eligible for additional fees for work performed following the unaccepted offer of judgment?

(2)   if so, what amount should be awarded?  And

(3)   whether plaintiffs' failure to accept the settlement offer precludes an award of interest?

A.

Defendants contend that plaintiffs are ineligible for an additional fee award because they failed to accept the settlement offer.  It is undisputed that, as a result of the Second Circuit's decision, the most plaintiffs can recover for services performed prior to the settlement offer (approximately $297,000) is not more favorable than the amount of the unaccepted offer ($375,000).

Plaintiffs contend that they are entitled to additional fees because the rejection of the settlement offer was "substantially justified" within the meaning of 20 U.S.C. § 1415(i)(3)(E).  This provision has been interpreted to permit a fee award when a decision to reject a settlement offer was warranted by a good faith, reasonable belief that a more favorable outcome could be obtained through further proceedings. See JP ex rel. Peterson v. County School Bd. Of Hanover County, 641 F. Supp.2d 499, 508-09 (E.D. Va. 2009) (collecting cases).

7

In urging that the rejection of defendants' offer was substantially justified, plaintiffs point to my order adopting Judge Martinez's recommended ruling but increasing the amount of the award to approximately $470,000.  I agree that the rejection of the offer must be regarded as "substantially justified."

Defendants argue that in the circumstances of this case, Rule 68's strict mandate preventing recovery of fees for services provided after an unaccepted offer of judgment should be applied without regard to whether the rejection of the offer was "substantially justified."  Their position rests primarily on a literal reading of the term "parent" in 20 U.S.C. § 1415(i)(3)(E).  They contend that at the time the settlement offer was made, no "parent" had any continuing stake in this litigation, the merits of which had been resolved years earlier when the Second Circuit affirmed the denial of plaintiffs' motion alleging substantial noncompliance.  In addition, they point to evidence in the record submitted by plaintiffs' counsel (timesheets and an affidavit), which indicates that at the time the settlement offer was made, no "parent" was still in communication with plaintiffs' counsel regarding this litigation.

Plaintiffs argue in opposition that the circumstances cited by defendants do not render the IDEA's cost-shifting provisions inapplicable.  I agree.

8

The IDEA provides for an award of attorneys' fees in "any action" brought under § 1415.  See 20 U.S.C. § 1415(i)(3)(B)(i). This qualifies as such an action.  That the action was fully resolved on the merits before defendants made their offer to settle the then-pending claim for attorneys' fees is of no legal consequence.  Fees are available under the IDEA for work performed in connection with a claim for fees regardless of whether all other claims have been resolved.

Moreover, in the context of this class action, the term "parent" in § 1415(i)(3)(E) is reasonably construed to encompass the intervening plaintiffs, particularly since the offer was explicitly addressed to them as well as the other plaintiffs.

In my view, when a decision to reject a settlement offer to resolve a fee dispute under the IDEA has been found to be "substantially justified," there is no need to inquire further to determine whether an award of fees is appropriate.

Accordingly, I conclude that plaintiffs are eligible for an additional award of fees under 20 U.S.C. § 1415(i)(3)(E).

B.

As mentioned above, plaintiffs seek fees for work performed in connection with (1) their objection to Judge Martinez's recommended ruling and (2) the appeal to the Second Circuit. With regard to (1), on September 11, 2018, I approved an award of $13,815, as recommended by Judge Martinez.  See ECF No. 878.

9

With regard to (2), I find that plaintiffs should receive $28,350.  The latter finding is derived from the following analysis.

Plaintiffs' counsel requests $193,815 in compensation for their work opposing the appeal to the Second Circuit from November 1, 2017 to August 21, 2019.  More specifically, Mr. Shaw submits 343.5 hours and Mr. Laski submits 87.2 hours spent on the appeal during that time, for a combined total of 430.7 hours, all at the rate of $450 per hour.  See ECF Nos. 883-3 (Mr. Shaw's timesheet), 883-5 (Mr. Laski's time sheet).

After examining the time sheets to determine whether the number of hours claimed is excessive, I reduce 328.6 of the claimed hours to 70 hours on this basis, leaving a total of 172.1 hours.[3]

---

[3] I include in this 328.6-hour figure the following entries. From Attorney Laski: 12/8/2017 (1.2 hours); 2/28/2018 (3.5); 3/5/2018 (1.8); 3/6/2018 (1.8); 3/16/2018 (1.2); 3/17/2018 (2.5); 3/20/2018 (1.5); 3/21/2018 (.5); 3/21/2018 (4); 3/21/2018 (.5); 3/22/2018 (2.6); 3/23/2018 (2); 3/25/2018 (6.5); 3/25/2018 (.8); 3/28/2018 (4.5); 4/2/2018 (5); 4/3/2018 (4.5); 4/4/2018 (3.8); 4/10/2018 (1.2); 5/18/2018 (2.2): 1/3/2019 (1.5); 1/14/2019 (1.8); 1/5/2019 (2.5); 1/20/2019 (2) (for oral argument prep); 1/21/2019 (2) (for oral argument prep). From Attorney Shaw: 2/24/2018 (6.8 hours); 2/25/2018 (5.9); 3/2/2018 (6.4); 3/3/2018 (5.6); 3/4/2018 (1.4); 3/7/2018 (5.4); 3/8/2018 (6.5); 3/9/2018 (5.3); 3/10/2018 (7.2); 3/11/2018 (6.2); 3/12/2018 (5.7); 3/13/2018 (4.9); 3/14/2018 (6.8); 3/18/2018 (8); 3/19/2018 (4.6); 3/22/2018 (4.9); 3/23/2018 (4.7); 3/25/2018 (2.6); 3/27/2018 (6.9); 3/28/2018 (6); 3/29/2018 (7.2); 3/30/2018 (5.8); 3/31/2018 (3.9); 4/2/2018 (5.7); 4/3/2018 (8.2); 4/4/2018 (6.2); 4/5/2018 (5.4); 4/6/2018 (7.9); 4/11/2018 (3.9); 4/16/2018 (2.8); 12/12/2018 (4.8); 12/13/2018 (6.8); 12/14/2018 (5.4); 12/15/2018 (6.9); 12/16/2018 (3.2); 12/18/2018 (3.9); 12/21/2018 (4.9); 12/22/2018 (3.7); 1/3/2019 (5.7); 1/4/2019 (5.7); 1/5/2019 (3.7); 1/6/2019 (4.2); 1/9/2019 (5.2); 1/10/2019 (4.3); 1/11/2019 (5.8); 1/13/2019 (4.9); 1/14/2019 (3.9); 1/15/2019 (5.8); 1/19/2019 (3.5); 1/20/2019 (2.4); 1/21/2019 (3.7).  I exclude from this figure two entries for time spent on unsuccessful claims that are extricable from plaintiffs' successful

I then subtract 5 hours for overcounted travel time by Mr. Laski, which brings the total to 167.1 hours.

I then subtract the time spent on an unsuccessful motion for post-judgment interest, which totals 12.9 hours based on my reading of the timesheets at ECF Nos. 883-3 and 883-5.[4]  This brings the total to 154.2 hours.

I then reduce the 18.8 hours spent obtaining a correction of an erroneous docket entry to 1.25 hours, bringing the total to 136.65 hours.

I then subtract hours spent on plaintiffs' counsel's unsuccessful argument that they were entitled to fees for pre-settlement negotiations, totaling 5.7 hours, and hours spent on the "draft brief re compensability of work on motion for orders re substantial noncompliance," ECF No. 883-3, totaling 5.4 hours.  With this combined subtraction of 11.1 hours, 125.55 hours remain.

Finally, I apply a 50 percent reduction to this total based on plaintiffs' overall lack of success on the appeal.  While they defended the award on appeal in part, the appeal resulted in a significant reduction of my previous award of approximately $470,000.  I acknowledge that plaintiffs' counsel successfully

---

claims: Attorney Shaw's 3/15/2018 entry of 5.7 hours and 3/17/2018 entry of 5.4 hours.
[4] From Attorney Laski: 0.5 hours on 11/1/2017 and 0.5 hours on 11/27/2017. ECF No. 883-5.  From Attorney Shaw: 3.9 hours on 11/1/2017; 5.2 hours on 11/23/2017; and 2.8 hours on 11/29/2017.  ECF No. 883-3.

opposed defendants' argument that <u>Buckhannon Board & Care Home,</u>
<u>Inc. v. West Virginia Dept of Health and Human Resources</u>, 532
U.S. 598 (2001), displaced <u>Pennsylvania v. Delaware Valley</u>
<u>Citizens ' Counsel for Clean Air</u>, 478 U.S. 546 (1986).  But
defendants' argument would have invalidated thirty years of
well-established case law.  For present purposes, plaintiffs'
preservation of the status quo does not mitigate the impact of
the significant reduction in the amount of the fee award
resulting from the appeal.  The 50 percent reduction leaves a
total of 62.78 hours, which is rounded to 63 hours.

At a rate of $450 per hour, 63 hours amounts to $28,350.
Therefore, I award $28,350 for the time plaintiffs' counsel
spent opposing the appeal to the Second Circuit from November 1,
2017 to August 21, 2019.

C.

The remaining issues relate to interest.  Defendants
contend that plaintiffs cannot recover interest accruing after
the date of the unaccepted offer of judgment.  As discussed
above, the decision to reject the settlement offer was
"substantially justified."  Therefore, interest may be awarded
in addition to fees.

Plaintiffs are entitled to interest accruing from the date
on which their entitlement to attorneys' fees was ascertained.

See Adrian v. Town of Yorktown, 620 F.3d 104, 107-08 (2d Cir. 2010).

Applying this standard, I conclude that plaintiffs' entitlement to the agreed upon sum of $296,712 was ascertained when the Second Circuit issued its decision on the appeal.[5] Giving defendants the benefit of the agreed upon offset of $6,035.07, the balance due is $290,677.50.  Interest is payable on this amount starting July 25, 2019.

Plaintiffs' entitlement to additional fees of $13,815 was ascertained when I approved Judge Martinez's recommended ruling. Accordingly, they are entitled to interest on this amount starting September 11, 2018.

The additional fees of $28,350 awarded by this ruling will accrue interest starting today.

V.

For the foregoing reasons, plaintiffs' motion for attorneys' fees is granted in part and denied in part. Plaintiffs are entitled to attorneys' fees of $290,677.50 plus interest starting July 25, 2019; attorneys' fees of $13,815.00 plus interest starting September 11, 2018; and attorneys' fees

_____

[5] I am aware that the Second Circuit ordered further proceedings on the remand with regard to the claim for fees performed in category 4, and it was only after the remand that the parties agreed upon the number of hours for which compensation was due under this category.  However, the Second Circuit's decision spelled out what was compensable in this category enabling the parties to readily agree that plaintiffs should be compensated for 22.6 hours.

of $28,350.00 with interest accruing after today.  The Clerk is respectfully requested to calculate the interest payable on each of these amounts from the relevant dates in accordance with 28 U.S.C. § 1961.

So ordered this 30th day of April 2023.


_____/s/ RNC_____
Robert N. Chatigny
United States District Judge